39 F.3d 1179
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky Dean LAFORCE, Defendant-Appellant.
 No. 94-5008.
 United States Court of Appeals, Fourth Circuit.
 Submitted September 27, 1994.
Decided October 26, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Samuel G. Wilson, District Judge. (CR-91-32-B)
 Henry S. Keuling-Stout, Keuling-Stout, P.C., Big Stone Gap, VA, for appellant.
 Robert P. Crouch, Jr., U.S. Atty., Julie M. Campbell, Asst. U.S. Atty., Abingdon, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before HAMILTON and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 Ricky Dean LaForce was sentenced to life imprisonment following his conviction of one count of possession of a firearm by a convicted felon, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1994). He appealed his conviction and his life sentence, which was an upward departure from the armed career criminal guideline range of 188-235 months.[1] We affirmed the conviction and found no error in the upward departure. United States v. LaForce, No. 92-5222 (4th Cir. June 2, 1993). However, we vacated the sentence and remanded for resentencing because in determining the extent of the departure the district court failed to comply with United States v. Rusher, 966 F.2d 868, 884 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S.1992), and United States v. Cash, 983 F.2d 558, 561 n. 7 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3773 (U.S.1993). The district court departed from criminal history category IV to beyond category VI without finding that the intervening categories inadequately reflected the seriousness of LaForce's past criminal conduct. On remand, the district court departed to category VI and imposed a sentence of 293 months. LaForce appeals this sentence. We affirm.
 
 
 2
 At the resentencing hearing, LaForce sought to attack his armed career criminal status by challenging the constitutionality of two 1976 breaking and entering convictions. He contends that the district court improperly refused to consider this issue. However, relitigation on remand of issues decided by the appellate court, or not raised on appeal, is foreclosed by the mandate rule unless (1) the controlling legal authority has changed dramatically, (2) significant new evidence has come to light, or (3) a blatant error in the prior decision will result in a serious injustice. United States v. Bell, 5 F.3d 64, 66-67 (4th Cir.1993). No blatant error occurred here.
 
 
 3
 LaForce asserted that his two 1976 guilty pleas to breaking and entering charges were not knowingly and voluntarily entered. Under Custis v. United States, 62 U.S.L.W. 4346 (U.S.1994), a defendant in a federal sentencing proceeding may attack the validity of a prior state conviction only on the ground that he was denied the right to counsel. LaForce was represented by counsel in both 1976 proceedings.
 
 
 4
 LaForce also argued that his 1976 breaking and entering convictions did not qualify as violent felonies under Sec. 924(e) because the Virginia statute encompasses more than generic burglary. Although Va.Code Ann. Sec. 18.2-90 (Michie Supp.1994) does include acts which do not constitute burglary, the charging papers stated that LaForce's 1976 convictions were for unauthorized entries of commercial structures with the intent to commit larceny. These offenses qualify as generic burglary. United States v. Bowden, 975 F.2d 1080, 1083 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3584 (U.S.1993) (citing Taylor v. United States, 495 U.S. 575 (1990)). When the fact of a prior conviction does not establish whether the crime was a violent felony, the court may examine the indictment. Taylor, 495 U.S. at 579; United States v. Cook, 26 F.3d 507, 509 (4th Cir.1994). No blatant error occurred in the use of the 1976 convictions to enhance LaForce's sentence and the district court did not err in refusing to consider his constitutional challenges to the use of those convictions.
 
 
 5
 The district court decided to structure a departure by adding one point to LaForce's criminal history score for each incident of violent conduct for which there was reliable evidence, but for which LaForce had received no points under the guidelines. Using this method, the court "assigned" six extra points: one for breaking and entering, one for arson, one for LaForce's attempt to make a bomb in his prison cell, and three for separate occasions on which LaForce brandished or threatened others with the firearm he was convicted of possessing in the instant offense. The court found that the total of fifteen points indicated that LaForce should be sentenced as if he were in category VI. The court explicitly found that the intervening categories were inadequate because they underrepresented the seriousness of LaForce's past criminal conduct.[2] This departure resulted in a guide line range of 235-293 months. The court imposed a sentence of 293 months.
 
 
 6
 LaForce maintains that the district court erred in allocating an extra criminal history point for his second 1976 breaking and entering conviction because it was outside the fifteen-year limit set by section 4A1.2(e). However, for the purpose of deciding whether and how far to depart, such outdated conduct may be considered. See Rusher, 966 F.2d at 882.
 
 
 7
 LaForce disputes the court's consideration of his arson conviction, which was consolidated with his convictions for two murders committed the same day.[3] The probation officer treated all three offenses as having occurred on the same occasion, and assigned no points for the second murder conviction and the arson conviction. See USSG Sec. 4A1.1(f). In determining the extent of the departure, the district court decided that the arson was an act separate from the murders. Even if the court erred in finding that the arson occurred on a different occasion, see USSG Sec. 4A1.3(b), elimination of the extra point it assigned for the arson would not change the result because five extra points would still justify a departure to category VI. Therefore, we need not reach the issue.
 
 
 8
 LaForce argues that the court improperly considered three occasions on which he brandished or threatened others with the illegally possessed firearms because that conduct was part of the instant offense, and was not prior similar conduct. See USSG Sec. 4A1.3(e). However, LaForce was charged with possessing three firearms on June 13, 1991. While LaForce used one of the firearms which are the subject of the instant offense in each incident of threats and brandishings, all the incidents occurred prior to the date charged in the indictment. The court did not err in this regard.
 
 
 9
 Finally, LaForce asserts that the court should not have counted his attempt to build a bomb in his prison cell because under section 4A1.3(e) it was not conduct similar to the instant offense and in any case he received "an administrative penitentiary conviction" for it.
 
 
 10
 The conduct was similar in that it involved an attempt to illegally possess a firearm;[4] the administrative conviction did not count in the criminal history computation. Therefore, this conduct was properly considered.
 
 
 11
 We find that the court gave satisfactory reasons for its departure above criminal history categories IV and V. The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual, Sec. 4B1.4 (Nov.1992). LaForce was resentenced under the 1993 guidelines
 
 
 [2]
 The district court apparently misspoke when it stated that categories V and VI were inadequate
 
 
 [3]
 After the two victims were killed, LaForce and his confederates drove the victims' truck eight or ten miles into the next county and burned it
 
 
 [4]
 The definition of "firearm" in 18 U.S.C. Sec. 921(a)(3) (1988) includes both guns and destructive devices