**UNITED STATES of America,**

v.

**Jerry Glenn JOSHUA, Defendant.**

**No. CR. 2:02CR28.**

United States District Court,
E.D. Virginia,
Norfolk Division.

April 22, 2003.

James A. Metcalfe, Assistant United States Attorney, Norfolk, Counsel for USA.

Larry W. Shelton, Assistant Federal Public Defender, Norfolk, Counsel for Defendant.

## OPINION

REBECCA BEACH SMITH, District Judge.

This matter came before the court on defendant's objection to his Presentence Investigation Report ("PSR"). At a jury trial on October 30 and 31, 2002, the defendant was found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was acquitted on the remaining charges: (1) conspiracy to distribute crack cocaine and (2) use of a firearm in furtherance of drug trafficking.

The PSR was prepared by the probation officer on December 16, 2002, and supplemented on January 13, 2003. The supplement stated that the prerequisites for application of the armed career criminal enhancement had been satisfied, and accordingly, recommended that defendant be sentenced to an enhanced prison term pursuant to 18 U.S.C. § 924(e), and United States Sentencing Commission, *Guidelines Manual* (USSG), § 4B1.4 (Nov. 2002). The defendant's total offense level was set at thirty-six, with a criminal history category of VI, yielding an imprisonment range of between 324 and 405 months. Through counsel, the defendant filed objections to the PSR. On January 22, 2003, defendant came before the court for sentencing. The court rejected defendant's objections to the PSR in a ruling from the bench, but reserved the right to issue a written opinion at a later date. The defendant was sentenced to 324 months in prison.

The governing guideline for unlawful possession of a firearm is § 2K2.1. First, defendant objected to the application of USSG § 2K2.1(b)(5), which mandates an enhancement if the firearm in question was possessed in connection with another felony offense. Defendant argued that because he was acquitted on the drug charge at trial, there was no other felony offense. However, the probation officer did not apply § 2K2.1(b)(5). Instead, the cross reference between §§ 2K2.1(c)(1)(A) and 2X1.1(a) was applied to determine the defendant's base offense level.

Section 2K2.1(c)(1)(A) provides for the cross reference to § 2X1.1 "if the defendant used or possessed any firearm . . .

in connection with the commission ... of another offense...." Section 2X1.1 then establishes "[t]he base offense level from the guidelines for the substantive offense...." Defendant's total offense level is correctly set at thirty-six because the base offense level for the cross-referenced substantive offense, conspiracy to distribute 222.7 grams of cocaine base, is thirty-four. *See* USSG § 2D1.1(c)(3). The defendant is also subject to a two level enhancement, pursuant to § 2D1.1(b)(1), for possession of a firearm, resulting in a total offense level of thirty-six.[1]

Second, defendant objected to being categorized as an armed career criminal, pursuant to § 4B1.4.[2] Under 18 U.S.C. § 924(e), a defendant is subject to an enhanced sentence, if the instant offense is a violation of 18 U.S.C. § 922(g), and if the defendant has at least three prior convictions for a "violent felony" or "serious drug offense" or both, committed on occasions different from one another.

■ Defendant was convicted of two counts of possession of cocaine with intent to distribute, three counts of assaulting a police officer, and distribution of cocaine within 1000 feet of a school. These offenses all occurred on May 1, 1998. Defendant concedes that these crimes qualify as one predicate offense. Defendant also has been convicted of, *inter alia,* two counts of statutory burglary, in violation of Virginia Code sections 18.2–90 (entering a dwelling with intent to commit robbery), and 18.2–91 (entering a dwelling with intent to commit burglary), which statutory burglaries occurred on two separate occasions and at two separate places. (Gov't. Ex. 1 and 2, Disposition Hr'g, Jan. 22, 2003); *see* PSR ¶ 32 at 11 and ¶ 33(2) at 12 and 13. On January 22, 1992, the defendant unlawfully entered a Days Inn motel room, with the intent to commit larceny. On February 17, 1992, the defendant did unlawfully break and enter a residential room at a second commercial establishment with the intent to commit larceny, stealing a man's wallet, a woman's purse, money, credit cards, and jewelry. Defendant does not contest these two convictions. Rather, defendant's entire argument rests on whether a conviction for burglary of a commercial building is a "violent felony."[3]

The law is extremely clear that, for the purposes of determining armed career criminal status, burglary of a commercial establishment does fall within the meaning of "violent felony." *See Taylor v.*

---

**1.** Even if defendant *had* objected to the application of § 2K2.1(c)(1)(A), he still would not prevail. In this case, the preponderance of evidence from the defendant's trial, and in the PSR, supports the conclusion that the defendant was engaged in a drug conspiracy and that he used his firearm in connection with his drug trafficking. Indeed there was ample testimony that the defendant traded the firearm for cocaine base and that he regularly traded stolen goods, including firearms, in connection with drug distribution. Thus, the application of the cross-reference was appropriate.

**2.** Section 4B1.4 provides that a "defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." USSG § 4B1.4(a).

**3.** Defendant cites *United States v. Talbott* for the proposition that burglary of a commercial structure is not a crime of violence. 902 F.2d 1129 (4th Cir.1990). *Talbott* is inapposite to this case, however, because it involved a career offender sentencing under § 4B1.1, not an armed career criminal sentencing under § 4B1.4 and section 924(e). The applicable term under § 4B1.1 is "crime of violence" while the relevant term under § 4B1.4 is "violent felony."

Moreover, the court notes that both of these statutory burglaries involved entry by the defendant into either a motel room or a room residence, not into offices of a business establishment.

*United States,* 495 U.S. 575, 598–602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The Fourth Circuit has specifically held that burglary, for purposes of § 924(e), means "generic burglary, a crime consisting of three necessary elements: (1) an unlawful or unprivileged entry or remaining in; (2) a building or other structure; (3) with intent to commit a crime." *United States v. Bowden,* 975 F.2d 1080, 1083 (4th Cir. 1992) (applying North Carolina law); *see also United States v. LaForce,* 1994 WL 584678, 1994 U.S.App. LEXIS 29873 (4th Cir.1994) (unpublished opinion) (holding that Virginia burglary statute comes within definition of generic burglary). Defendant's offenses, on January 22, 1992, and February 17, 1992, qualify as generic burglaries. Because defendant has been convicted of three qualifying felonies, the application of the armed career criminal enhancement under § 4B1.4 was appropriate.

For the reasons set forth herein and from the bench at sentencing, defendant's objections to his PSR were **OVER-RULED**. The Clerk is **DIRECTED** to send a copy of this Opinion to counsel for defendant and to the Assistant United States Attorney.