# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 00-4542

ANA LILIA GAMBOA-FELIX,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-99-23)

Argued: May 10, 2001

Decided: September 17, 2001

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Mark Francis Fleming, San Diego, California, for Appellant. Joseph E. DePadilla, Assistant United States Attorney, Norfolk, Virginia, for Appellee. **ON BRIEF:** Jeremy D. Warren, San Diego, California, for Appellant. Helen F. Fahey, United States Attorney, Robert J. Seidel, Jr., Assistant United States Attorney, Fernando Groene, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Ana Lilia Gamboa-Felix appeals the sentence imposed on her in the Eastern District of Virginia after she pleaded guilty to two charges related to a methamphetamine conspiracy. Gamboa-Felix contends that the district court erred in concluding that she could not be sentenced below both the applicable statutory minimum and the prescribed United States Sentencing Guidelines range.[1] The Government contends that this appeal must be dismissed, asserting that Gamboa-Felix's plea agreement bars any appeal from being prosecuted. Because Gamboa-Felix waived her appellate rights, we dismiss her appeal.

I.

A.

Between February 1997 and October 1998, Gamboa-Felix and her husband, Juan Alberto Felix, packaged and shipped large quantities of methamphetamine from the San Diego area, where they resided, to Virginia Beach. On October 14, 1998, during a search of Gamboa-Felix's Oceanside, California home and the surrounding grounds, Government agents recovered approximately two dozen pounds of methamphetamine and nineteen firearms, as well as military-grade plastic explosives, detonators, ammunition, and shipping materials.

A grand jury in the Eastern District of Virginia returned a sixty-six-count indictment, on February 19, 1999, against Gamboa Felix, her husband, and twenty-eight other defendants. Gamboa-Felix was named in three counts. On March 31, 1999, pursuant to a written plea

---

[1]We refer to the United States Sentencing Commission Guidelines Manual as the "Guidelines" or "USSG."

agreement, she pleaded guilty to two of the charges — conspiracy to possess with intent to distribute and distribution of at least one kilogram of a mixture containing methamphetamine, in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). In connection with these offenses, Gamboa-Felix was deemed accountable for 102.1 kilograms of methamphetamine mixture and $525,220 in laundered drug proceeds.[2]

## B.

Under the plea agreement, the Government retained the discretion to request a departure from the Guidelines if Gamboa-Felix cooperated in the prosecution of co-conspirators. The agreement specifically provided that

> the United States reserves its option to seek any departure from the applicable sentencing guidelines including any departure below the mandatory minimum, pursuant to Section 5K of the *Sentencing Guidelines and Policy Statements* and Title 18, United States Code, Section 3553(e), or Rule 35(b) of the Federal Rules of Criminal Procedure, if in its sole discretion, the United States determines that the defendant has provided substantial assistance and that such assistance has been completed and such a departure is appropriate.

J.A. 164-65.

The plea agreement also contained a waiver of Gamboa-Felix's right to appeal her impending sentence. The agreement explicitly provided that

---

[2]Gamboa-Felix, her husband, and other co-conspirators also were indicted, on October 23, 1998, in the Southern District of California for related offenses within that jurisdiction. At the time Gamboa-Felix's plea was entered in Virginia, she already had pleaded guilty in California, on March 22, 1999, to eighteen counts of aiding and abetting the distribution of 152.4 kilograms of methamphetamine, and possession with intent to distribute those narcotics.

> [t]he defendant is aware that Title 18, United States Code,
> Section 3742 affords a defendant the right to appeal the sen-
> tence imposed. Acknowledging all this, the defendant know-
> ingly waives the right to appeal any sentence within the
> maximum provided in the statute(s) of conviction (or the
> manner in which that sentence was determined) on the
> grounds set forth in Title 18, United States Code, Section
> 3742 or on any ground whatever, in exchange for the con-
> cessions made by the United States in this plea agreement.

J.A. 162. Moreover, Gamboa-Felix expressly attested that the plea
agreement was knowingly and voluntarily entered, and that she under-
stood and consented to all of its terms. Gamboa-Felix's lawyer certi-
fied that he had explained every part of the agreement to her, and that
her decision to plead guilty was an informed and voluntary choice.

On March 31, 1999, prior to accepting Gamboa-Felix's guilty plea,
the district court conducted a plea colloquy, pursuant to Rule 11 of
the Federal Rules of Criminal Procedure, to review in detail the provi-
sions of the written plea agreement. The court ascertained, after ask-
ing Gamboa-Felix a lengthy series of questions, that she
comprehended the substance and ramifications of the appeal waiver.
In particular, Gamboa-Felix confirmed that she understood that she
was waiving the right to challenge her eventual sentence on appeal.

Gamboa-Felix was sentenced to 135 months' imprisonment on
each count, the low end of the Guidelines range. The sentences were
then reduced, pursuant to the Government's § 5K1.1 motion for
downward departure, based on Gamboa-Felix's substantial assistance
in the prosecution of another offender. Ultimately, the court imposed
the mandatory minimum sentence of 120 months for the methamphet-
amine conspiracy and a concurrent 67-month sentence for the money
laundering conspiracy. At the sentencing hearing Gamboa-Felix's
counsel argued that the court was authorized to sentence her below
the statutory minimum based on the conjunction between § 5K1.1 and
the safety valve provision of 18 U.S.C. § 3553(f).[3] At a subsequent

---

[3]Section 5K1.1 of the Guidelines authorizes the sentencing court to
depart from the Guidelines, at the Government's request, if "the defen-

hearing on the issue, however, Gamboa-Felix's attorney was unable to proffer any authority that the district court could sentence Gamboa-Felix to less than the statutory minimum. Indeed, at that time, her lawyer conceded that the court was not empowered to depart below the statutory minimum.

On appeal, Gamboa-Felix contends that the district court errone-ously concluded that it was not authorized to impose a sentence beneath the statutory minimum on the drug conspiracy count. The Government contends that this appeal must be dismissed, asserting that Gamboa-Felix waived her right to appeal in her plea agreement.

## II.

We have consistently held that, with a few exceptions, "a defendant may not appeal his sentence if his plea agreement contains an express and unqualified waiver of the right to appeal, unless that waiver was unknowing or involuntary." *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000); *see also United States v. Marin*, 961 F.2d 493 (4th Cir. 1992); *United States v. Bowden*, 975 F.2d 1080 (4th Cir. 1992). However, an express knowing waiver will not bar appeal of a sentence imposed in excess of the maximum penalty provided by law or a sentence based on a constitutionally impermissible factor such as race. *See Brown*, 232 F.3d at 403.

In light of the express attestations of Gamboa-Felix and her lawyer in the plea agreement, as well as the thorough plea colloquy con-ducted by the district court, *see supra* Part I.B, there is no question that Gamboa-Felix knowingly and voluntarily agreed to the appeal

---

dant has provided substantial assistance in the investigation or prosecu-tion of another person who has committed an offense." Title 18, United States Code, Section 3553(f), the safety valve, mandates that, where a defendant satisfies its requirements, "the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission...without regard to any statutory minimum sentence[.]" Gamboa-Felix contends that the conjunction between these two provi-sions permitted the court to impose a sentence below *both* the statutory minimum and the prescribed Guidelines range.

waiver. Additionally, her sentence did not exceed the maximum penalty provided by law, i.e., the plea agreement specifically conditioned the appeal waiver on the penalty being within the relevant statutory maximum. Finally, there is no evidence that Gamboa-Felix's sentence was based on a constitutionally impermissible factor such as race.

Gamboa-Felix also advances a pair of other theories for invalidating the waiver. First, she insists that enforcing the provision "would be a grave injustice and therefore a violation of due process, particularly where the district court's error was profound and prejudicial." Appellant's Br. at 11. Second, Gamboa-Felix contends that, because the Government breached the plea agreement, the waiver is invalid. We address each of these contentions in turn.

### A.

Gamboa-Felix cites no binding authority in support of her first assertion, that, because she was prejudiced by the district court's purported sentencing error, enforcement of the appeal waiver would violate her due process rights. Indeed, to the contrary, we have consistently enforced knowing and voluntary appeal waivers, even where the defendant has claimed that his sentence contravened the Guidelines. *See, e.g.*, *Brown*, 232 F.3d at 405-06 (concluding that an appeal waiver barred the defendant's challenge to the district court's imposition of a career offender enhancement); *Marin*, 961 F.2d at 496 (determining that a waiver precluded the defendant's appeal contesting an upward departure).

### B.

Gamboa-Felix also asserts that the appeal waiver is not enforceable because the Government breached the plea agreement. We recently concluded "that a party's waiver of the right to seek appellate review is not enforceable where the opposing party breaches a plea agreement." *United States v. Bowe*, ___ F.3d ___, No. 00-4269, 2001 WL 792161, at *6 (4th Cir. July 13, 2001). Gamboa-Felix maintains that the Government breached the plea agreement in two ways: (a) by refusing to make a motion, pursuant to 18 U.S.C. § 3553(e), for departure beneath the statutory minimum; and (b) by advising the

court that it otherwise had no authority to sentence Gamboa-Felix below the mandatory minimum of 120 months.

With regard to the first point, the plain language of the plea agreement establishes that it was within the Government's sole discretion to seek — or not to seek — sentencing relief for Gamboa-Felix pursuant to USSG § 5K1.1, 18 U.S.C. § 3553(e), or Rule 35(b) of the Federal Rules of Criminal Procedure. The agreement specifically provided that

> the United States reserves its *option* to seek any departure from the applicable sentencing guidelines *including any departure below the mandatory minimum*, pursuant to Section 5K of the *Sentencing Guidelines and Policy Statements* and Title 18, United States Code, Section 3553(e), or Rule 35(b) of the Federal Rules of Criminal Procedure, if in its *sole discretion*, the United States determines that the defendant has provided substantial assistance and that such assistance has been completed and such a departure is appropriate.

J.A. 164-65 (emphasis added).

Second, even assuming that an intentional misstatement of the law by the Government would breach the plea agreement, there is no evidence that the Government engaged in such conduct. During the sentencing hearing the Government contended that the court could not sentence Gamboa-Felix below the statutory minimum. The record does not reveal any intentional misrepresentation, but rather that the Government merely proffered its analysis of the law — an interpretation adopted by the district court and even Gamboa-Felix's own counsel.

### III.

Gamboa-Felix also advances a related claim that is not barred by the appeal waiver — that her attorney failed to provide effective assistance of counsel at her sentencing hearing, in violation of her Sixth Amendment right to counsel. *See United States v. Attar*, 38 F.3d

727, 732-33 (4th Cir. 1994) (holding that a general appeal waiver does not bar appeal of the sentence on the ground that proceedings following entry of the guilty plea were conducted in contravention of the Sixth Amendment). Gamboa-Felix bases this claim on her attorney's concession that the district court was not authorized to impose a sentence below the mandatory minimum.

We review claims of ineffective assistance of counsel on direct appeal "if and only if it conclusively appears from the record that [the] attorney did not provide effective assistance." *United States v. Martinez*, 136 F.3d 972, 979 (4th Cir. 1998); *United States v. Smith*, 62 F.3d 641, 651 (4th Cir. 1995), and it is not clear on this record that Gamboa-Felix's attorney was constitutionally ineffective. That is, we have not yet had occasion to determine whether the safety valve provision of 18 U.S.C. § 3553(f), in conjunction with a Government motion for downward departure based on substantial assistance, USSG § 5K1.1, permits a sentence below both the statutory minimum and the prescribed Guidelines range. As such, it is not conclusively apparent from the record that Gamboa-Felix's counsel failed to provide effective assistance when he conceded that the court could not sentence her below the statutory minimum.

Gamboa-Felix's ineffective assistance of counsel claim is therefore properly raised only in collateral proceedings.

IV.

For the foregoing reasons, we must dismiss this appeal.

*APPEAL DISMISSED*