**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Glynn BOWDEN, Defendant–Appellant.**

**No. 91–5333.**

United States Court of Appeals,
Fourth Circuit.

Argued April 10, 1992.
Decided Sept. 21, 1992.

Wayne James Payne, Powell & Payne, Shallote, N.C., argued for defendant-appellant.

Richard Bruce Conely, Sr., Asst. U.S. Atty., Raleigh, N.C., argued (Margaret Person Currin, U.S. Atty., on brief), for plaintiff-appellee.

Before WIDENER, Circuit Judge, BUTZNER, Senior Circuit Judge, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

OPINION

WIDENER, Circuit Judge:

Glynn Bowden appeals from the sentence imposed upon him by the United States District Court for the Eastern District of North Carolina following his conviction on

pleas of guilty to federal firearms charges. Bowden received an enhanced sentence as an armed career criminal pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. He now challenges that enhancement, claiming that certain of his prior state convictions should not be counted as predicate "violent felonies" as defined in § 924(e). Finding no merit in this argument, we affirm.

On January 8, 1991, a federal grand jury handed down an indictment charging Bowden with one count of possession of firearms by a convicted felon, a violation of 18 U.S.C. § 922(g)(1), and one count of possession of an unregistered firearm, a rifle with a barrel length of approximately 5⅜ inches and an overall length of approximately 14⅛ inches, a violation of 26 U.S.C. §§ 5841, 5845(a)(3), and 5861(d). Bowden was also charged with a separate violation of § 922(g)(1) in a second indictment returned that same day. On February 20, 1991, the government served notice on Bowden that he would be subject to the enhanced penalty provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e).

Plea negotiations ensued, and on February 25, 1991, the parties executed a plea agreement. Bowden agreed to plead guilty to both counts of the first indictment. For its part the government agreed to dismiss the second indictment at the time of his sentencing. The plea agreement recognized that the enhanced sentencing provision of § 924(e) "[would be] applicable" to the sentence imposed on the § 922(g)(1) count. Also on February 25, a plea acceptance hearing was held pursuant to Fed. R.Crim.P. 11. At that hearing Bowden again acknowledged the plea agreement that the Armed Career Criminal Act enhancement would apply to the § 922(g)(1) charge.

The probation officer submitted a presentence report on April 19, 1991. The presentence report stated that the prerequisites for application of the armed career criminal enhancement had been satisfied, and accordingly recommended that Bowden be sentenced to an enhanced prison term pursuant to § 924(e) and U.S.S.G. § 4B1.4. The probation officer thus set Bowden's total offense level at 32, with a criminal history category of VI, yielding an imprisonment range of between 210 to 262 months. Bowden filed certain objections to the presentence report; among them was a challenge to the applicability of the armed career criminal enhancement.

Bowden went before the district court for sentencing on June 10, 1991. The court considered and rejected each of Bowden's objections to the presentence report, including the objection to the armed career criminal enhancement. The court then adopted the factual findings and guideline calculations contained in the presentence report and sentenced Bowden to a prison term of 210 months. Bowden timely appealed, and we now turn to his claims of error.[1]

The sentencing enhancement provision principally relevant here, the Armed Career Criminal Act, provides in relevant part as follows:

(e)(1) In the case of a person who violates [18 U.S.C. § 922(g)] and has three previous convictions ... for a violent felony ... committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years

. . . .

(2) As used in this subsection—

. . . .

1. The government argues as a preliminary matter that we should dismiss this appeal on the grounds that Bowden waived his statutory right to appeal his sentence. The plea agreement that Bowden signed contained the following provision:

By this agreement Defendant waives any appeal and the right to exercise any post-conviction rights provided under Title 28, United States Code, Section 2255 if the sentence imposed herein is within the guidelines promul-

gated by the United States Sentencing Commission pursuant to 18 U.S.C. §§ 3551 *et seq.* and 28 U.S.C. §§ 991 *et seq.* and the enhanced sentencing provision of 18 U.S.C. § 924(e). We are of opinion that a fair reading of this waiver preserves Bowden's right to challenge the district court's application of the Guidelines and the armed career criminal enhancement of § 924(e). Bowden argues that his sentence is *not* "within the guidelines." The suggestion that we dismiss the appeal is denied.

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year ..., that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another

....

18 U.S.C. § 924(e). Thus, § 924(e) imposes a mandatory minimum 15–year prison sentence on any person convicted of any of the federal firearms offenses set out in 18 U.S.C. § 922(g) who also has three prior convictions for "violent felonies" as defined in § 924(e)(2)(B). Having pleaded guilty in this case to a violation of 18 U.S.C. § 922(g)(1), Bowden's appeal turns on whether his prior state convictions qualify as such violent felonies.

The record reveals that at the time of his arrest on the instant firearms charges Bowden had a rather extensive history of criminal activity. Relevant to the applicability of the § 924(e) enhancement are the following groups of North Carolina state felony convictions that Bowden received prior to his conviction on the charges in the instant case.

First, Bowden pleaded guilty to three counts of "[b]reaking or entering buildings generally," in violation of N.C.G.S. § 14–54, and three counts of larceny, in violation of N.C.G.S. § 14–72, for conduct that occurred on December 3, 1985. The probation officer reported in the presentence report that "[a]ccording to court files, these offenses involved the breaking and entering of three separate residences in Wilmington, North Carolina, wherein various items, including stereo systems, guns, jewelry and clothing items, were stolen, having a total value of approximately $7,388." [2]

Second, Bowden pleaded guilty to one count of common-law robbery. The presentence report describes that offense as follows: "New Hanover County Clerk of Court records reflect that on December 29, 1985, the defendant did steal and carry away from Patricia Lipscomb one lady's purse containing personal items and various credit cards in wallet, having a total value of $125." [2]

Third, Bowden again pleaded guilty to charges of "breaking or entering" and larceny, in violation of N.C.G.S. §§ 14–54, 14–72. As to these crimes the presentence report states that

[a]ccording to N.C. Department of Correction records, on October 26, 1987, Bowden and two codefendants broke into a residence located in Leland, North Carolina, and stole one television, jewelry, silver cups, stereo system, VCR and a .22 caliber pistol, having a total value of $2,159. The defendant was apprehended by authorities immediately following the offense and all stolen items were recovered.[2]

Finally, though we need not consider any further prior convictions for purposes of the issue at hand, we note that Bowden later pleaded guilty to yet another set of breaking or entering and larceny charges arising out of yet another home burglary, this one occurring on January 15, 1988.[2]

The parties are agreed that Bowden's conviction on the common-law robbery charge qualifies as a predicate violent felony under 18 U.S.C. § 924(e)(2)(B)(i), as common-law robbery plainly "has as an element the use, attempted use, or threatened use of physical force against the person of another." See, e.g., *State v. Herring*, 322 N.C. 733, 370 S.E.2d 363, 368 (1988). Thus, Bowden properly was sentenced as an armed career criminal only if any two of

---

**2.** The parties dispute whether factual findings contained in the presentence report and adopted by the district court properly may be considered in determining whether a particular prior conviction qualifies as a "violent felony" for § 924(e) purposes. In view of the fact that certified copies of the state court judgments and commitments are now a part of the record and no objection is made to their authenticity, we do not consider the contents of the presentence report as it may describe what Bowden did in connection with the state offenses. So we do not decide the question.

his other felony convictions, as set out above, fall within the definition of a violent felony.

Because it appears from the nature of the charges that Bowden's other convictions were in the nature of burglaries, the natural place to begin in classifying them is in § 924(e)(2)(B)(ii), which begins with a non-exclusive list of enumerated offenses that constitute predicate violent felonies. One of those enumerated crimes indeed is "burglary." Until recently the circuits were divided on the question of how properly to define the word "burglary" as used in the Armed Career Criminal Act. This court held that only crimes fitting the common-law definition of burglary qualified, see *United States v. Headspeth*, 852 F.2d 753 (4th Cir.1988), while others accepted any felony that relevant state law labelled burglary. See, e.g., *United States v. Leonard*, 868 F.2d 1393 (5th Cir.1989), cert. denied, 496 U.S. 904, 110 S.Ct. 2585, 110 L.Ed.2d 266 (1990).

■ In *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Supreme Court resolved the circuit split as to the definition of burglary in § 924(e)(2)(B)(ii). The Court rejected both the argument that only common-law burglary qualified and the argument that state statutory labels controlled. Instead, the Court held that:

> We believe that Congress meant by "burglary" the generic sense in which the term is now used in the criminal codes of most states.

> Although the exact formulations vary, the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.

> . . . .

> We conclude that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or

remaining in, a building or structure, with intent to commit a crime.

*Taylor*, 495 U.S. at 598–99, 110 S.Ct. at 2158 (citations and footnote omitted). Thus, for purposes of § 924(e)(2)(B)(ii) "burglary" means generic burglary, a crime consisting of three necessary elements: 1) an unlawful or unprivileged entry or remaining in; 2) a building or other structure; 3) with intent to commit a crime.

■ In addition to providing the definition of generic burglary, the Court addressed an important question concerning the manner in which a sentencing court should determine whether a particular prior conviction was for a crime constituting generic burglary. First, the Court noted that when a prior conviction was for an offense defined in state law by a statute containing only those elements of generic burglary, then the court need only to look at the text of the statute to find that the conviction was for generic burglary. Similarly, a prior conviction under a burglary statute drafted more narrowly than generic burglary, for example, one requiring that the crime have been against a dwelling house or in the nighttime, presents no problem since a conviction under such a statute necessarily implies guilt of each element of generic burglary. However, a conviction under a statute that encompasses the three elements of generic burglary yet also allows conviction on other, broader grounds, for example, for unlawful entry and theft from an automobile, boat, or the like, creates a problem in that it is impossible for a sentencing court to determine from the face of such a statute whether the defendant was convicted of committing the elements of generic burglary or whether the conviction was on those additional, broader elements. This, then, raises the question whether or to what extent the sentencing court may look beyond the text of the statute of conviction to the facts underlying that conviction in order to determine whether the conviction in fact was for generic burglary.

Agreeing with the weight of prior circuit court authority on the question, the Court held that as a general rule sentencing

courts must use the "categorical approach" in determining whether a prior conviction qualifies as generic burglary; that is, the court in most cases should "look only to the fact of conviction and the statutory definition of the prior offense." *Taylor,* 495 U.S. at 602, 110 S.Ct. at 2160. The Court rejected the suggestion that courts should be required or permitted to delve into the facts of prior convictions. Such factual inquiries, according to the Court, would result in cumbersome collateral litigation at sentencing and, under some circumstances, could implicate various constitutional rights of the defendant.

However, the Court left open the possibility that a narrow class of information other than the statute of conviction might be considered where that information would show that the defendant necessarily committed the elements of generic burglary, yet would not implicate the practical and constitutional concerns associated with unrestricted factfinding on the question. To quote the Court:

> This categorical approach, however, may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of a generic burglary. For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement.

We therefore hold that an offense constitutes "burglary" for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to "generic" burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant.

*Taylor,* 495 U.S. at 602, 110 S.Ct. at 2160.

Bowden's argument in the instant case turns upon the rather unusual nature of the North Carolina statute under which his prior convictions were obtained. That statute provides in relevant part as follows:

**§ 14–54. Breaking or entering buildings generally.**

(a) Any person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon.

. . . .

(c) As used in this section, "building" shall be construed to include any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property.

N.C.G.S. § 14–54. This statute corresponds with the *Taylor* opinion's definition of generic burglary insofar as it requires that the crime be directed against a building and that it be done with intent to commit another crime. However, the crime described in § 14–54 allows conviction on a showing of "breaking *or* entering," not breaking *and* entering. See, e.g., *State v. Myrick,* 306 N.C. 110, 291 S.E.2d 577, 579 (1982). Thus, the argument goes that a defendant may be convicted of this crime without proof of an "unlawful or unprivileged entry," one of the three indispensable elements of generic burglary under *Taylor.*

We do not agree with the defendant's position, however. Following his pleas of guilty, the best case that Bowden can make under *Taylor* and the North Carolina statue is that he entered without breaking the buildings in question with intent to commit a felony or larceny therein.

As construed in *Taylor,* if Bowden had broken into the buildings there is no doubt that *Taylor* was complied with. But we must assume that Bowden gained entry into the buildings without breaking, however gently, with intent to commit a felony or larceny therein. In such a case we think that his entry was just as unlawful or unprivileged as if he had broken into the building with the same intent. Certainly the entry of a man who enters without

breaking with intent to commit a felony or larceny is neither lawful nor privileged, so it must be within *Taylor.*

We are thus of opinion that the two convictions under North Carolina law for breaking or entering under N.C.G.S. § 14–54 qualify as generic burglaries under the *Taylor* case and justify an enhancement of punishment under § 924(e)(2)(B)(ii). As stated in n. 2, supra, while the facts stated in the presentence report are recited in this opinion, we need not inquire into what transpired upon conviction of the state offenses and do not depend upon the facts stated in the presentence report in arriving at our decision.

We are supported in our decision by *United States v. Anderson,* 921 F.2d 335, 340 (1st Cir.1990), in which the First Circuit came to the same conclusion with respect to apparently the same North Carolina statute.

Bowden's additional claims of error merit brief attention. He argues that two of his prior convictions, one for assault on a female and one for second degree burglary, should not have been included in his sentencing calculations because they were obtained in violation of his constitutional rights. However, we need not consider whether the district court erred in declining to inquire further into the constitutionality of those convictions, as an examination of the probation officer's application of the Sentencing Guidelines, as adopted by the court, reveals that the disputed convictions in fact did not affect Bowden's sentence as we will explain below.

Bowden pleaded guilty to one count of possession of a firearm by a felon, a violation of 18 U.S.C. § 922(g)(1), and one count of possession of an unregistered firearm as defined in 26 U.S.C. § 5845(a)(3), a violation of 26 U.S.C. §§ 5861(d) and 5871. Because these counts involved the same act or transaction, they were grouped together

under U.S.S.G. § 3D1.2(a) and the highest offense level applicable to either count in that group would be Bowden's total offense level. The court determined that U.S.S.G. § 2K2.2 applied to the charge under § 5861, yielding a base offense level of 18.[3] The court then added one level, apparently on the grounds that between three and four firearms were involved, see § 2K2.2(b)(1)(A), and two additional levels on grounds that some of the firearms were shown to have been stolen. Subtracting two levels for acceptance of responsibility, this left Bowden with a total offense level of 19.

However, because Bowden qualified for an enhanced sentence as an armed career criminal pursuant to 18 U.S.C. § 924(e), U.S.S.G. § 4B1.4 operated to alter significantly the usual offense level and criminal history computations under the Guidelines. Section 4B1.4(b)(3)(A) set Bowden's offense level at 34, as the firearm he was convicted of possessing was of a type described in 26 U.S.C. § 5845(a). Subtracting two levels for acceptance of responsibility resulted in a total offense level of 32. As for his criminal history category, § 4B1.4(c) fixed Bowden's at VI, without regard to the criminal history category that would have resulted from application of the generally-applicable rules in U.S.S.G. Chapter Four, Part A, again because the firearm involved was one set out in 26 U.S.C. § 5845(a). A total offense level of 32, combined with a criminal history category of VI, resulted in an imprisonment range of 210 to 262 months. U.S.S.G. Ch. 5, Pt. A (Sentencing Table). The court sentenced Bowden to a prison term of 210 months, at the low end of that range.

As these calculations demonstrate, the effect of the armed career criminal enhancement of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 in this case was to make irrelevant for sentencing purposes all of

**3.** We note that U.S.S.G. § 2K2.2 on its face applies where there was trafficking involving the firearms in question. We are aware of no evidence, in the presentence report, plea agreement, or elsewhere, suggesting trafficking. Therefore, it seems that § 2K2.1 should have been applied. However, Bowden has made no

issue of this apparent error, and in light of the effect of the § 4B1.4 armed career criminal enhancement on his Guideline calculation, it had no effect on his ultimate sentence. We note that §§ 2K2.2 and 2K2.1 have been merged in the 1992 edition of the Guidelines.

Bowden's prior convictions save those that served as the predicate for that enhancement. Thus we need not address further his claims regarding those other convictions.

Bowden's sentence is accordingly AFFIRMED.