4 F.3d 987
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dwight JEFFERS, Defendant-Appellant.
 No. 92-5869.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 7, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham.
 Walter T. Johnson, Jr., for Appellant
 Benjamin H. White, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, for Appellee.
 M.D.N.C.
 AFFIRMED
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Dwight Jeffers entered a guilty plea to being a felon in possession of a firearm, 18 U.S.C.A. Sec. 922(g)(1) (West Supp. 1993). The district court sentenced him as an armed career criminal pursuant to 18 U.S.C.A. Sec. 924(e) (West Supp. 1993), thereby increasing his offense level from fourteen to thirty-two. United States Sentencing Commission, Guidelines Manual, Sec. 4B1.4 (Nov. 1992).* The court also found that he had obstructed justice through reckless endangerment during his flight from the police officer before his arrest. Jeffers appeals his sentence, alleging error in both rulings. We affirm.
 
 
 2
 Section 924(e) provides a sentence enhancement for a person convicted under Sec. 922(g) who has three prior convictions for violent felonies committed on occasions different from one another. Burglary is included among the offenses which are defined in the statute as violent felonies. 18 U.S.C. Sec. 924(e)(2)(B)(ii). Jeffers was convicted in 1972 of second degree murder. In 1986, he was convicted of breaking and entering the same store on two separate occasions. These convictions clearly qualify as predicate convictions underSec. 924(e). See Taylor v. United States, 495 U.S. 575 (1990) (conviction of any crime having the elements of unlawful entry into a building or structure with intent to commit a crime constitutes burglary forSec. 924(e) enhancement); United States v. Bowden, 975 F.2d 1080 (4th Cir. 1992) (breaking and entering under North Carolina statute is generic burglary as defined in Taylor and justifiesSec. 924(e) enhancement), cert. denied, 61 U.S.L.W. 3584 (U.S. 1993). Because we find no error in the armed career criminal sentence, we need not reach the obstruction of justice issue.
 
 
 3
 Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Jeffers received a two-level reduction from offense level thirty-four for acceptance of responsibility. U.S.S.G. Sec. 3E1.1