**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-5302

TODD ALPHONSO GRIFFIN,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, Chief District Judge.
(CR-93-39)

Submitted: November 18, 1997

Decided: December 16, 1997

Before HALL, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James H. Wade, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Brian L. Whisler, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Todd Alphonso Griffin appeals from his sentence imposed for violation of 18 U.S.C.A. §§ 922(g)(1), 924 (West Supp. 1997). We affirm.

Griffin's only argument on appeal is that the district court erred in enhancing his sentence under 18 U.S.C. § 924(e)(1) (1994). Specifically, he asserts that a 1987 conviction for felonious breaking and entering of a commercial establishment in violation of N.C. Gen. Stat. § 14-54 (1993), was not a violent felony under the statute, especially where the business was closed and no one was present on the premises. We find that Griffin's argument is erroneous under Taylor v. United States, 495 U.S. 575, 598-99 (1990), which specifically holds that conviction of any crime having the elements of unlawful entry into a building or structure with the intent to commit a crime constitutes burglary for purposes of a § 924(e) enhancement. See United States v. Bowden, 975 F.2d 1080, 1083 (4th Cir. 1992). Because North Carolina's definition of felonious breaking and entering contains just these elements, we find that Griffin's 1987 conviction was a prior "violent felony." We therefore conclude that the § 924(e) enhancement was properly applied and we affirm Griffin's sentence.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

*Griffin has also filed a petition for mandamus in relation to this appeal which requests that this court compel the district court to rule on his motion to correct sentence under Fed. R. Crim. P. 35(c). Because the district court now lacks jurisdiction to consider that motion, we deny Griffin's petition. See United States v. DeMartino, 112 F.3d 75, 81 (2d Cir. 1997).

2