**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 97-4528

DONALD MOORE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-96-243)

Submitted: December 11, 1997

Decided: December 31, 1997

Before HALL and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Robert Haley, Assistant Federal Public Defender, Charleston, South
Carolina, for Appellant. Brucie Howe Hendricks, OFFICE OF THE
UNITED STATES ATTORNEY, Charleston, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Donald Moore appeals his conviction and sentence on a guilty plea for possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e)(1) (West Supp. 1997). Moore's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), claiming three errors, but concluding that there are no meritorious grounds for appeal. Moore was notified of his right to file an additional brief, which he failed to do. In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal.

Moore first claims that the district court erred in counting as predicate offenses under § 924(e), certain offenses of which Moore was convicted when he was a juvenile. Because Moore was tried as an adult for these convictions, this claim has no merit. See United States v. Lender, 985 F.2d 151, 155-56 (4th Cir. 1993).

Second, Moore claims that the district court erroneously determined his prior convictions for felonious breaking and entering and second degree burglary to be violent felonies. However, a § 924(e) enhancement for burglary is proper where the defendant makes an unlawful or unprivileged entry into or remains in a building or structure with the intent to commit a crime regardless of the exact definition of the crime charged. See Taylor v. United States, 110 S. Ct. 2143, 2158-59 (1990). In addition, this court has held that convictions under North Carolina's breaking and entering statute are burglary convictions for § 924(e) purposes. See United States v. Bowden, 975 F.2d 1080, 1084-85 (4th Cir. 1992). Hence, this claim is likewise without merit.

Finally, Moore alleges that the district court erred in determining that his escape conviction was a violent felony. We find that this

2

claim also must fail. See United States v. Hairston, 71 F.3d 115, 118 (4th Cir. 1995), cert. denied, 116 S. Ct. 1699 (1996).

Accordingly, we affirm both Moore's conviction and sentence. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED