UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

ANTWAN LEROY BROADIE, a/k/a
Antwan Leroy Brodie,
　　　　　　*Defendant-Appellant.*

No. 00-4250

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-151)

Submitted: November 30, 2000

Decided: December 14, 2000

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Antwan Leroy Broadie appeals his conviction and sentence imposed for possession of a firearm by a convicted felon in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e)(1) (West 2000). He challenges the district court's order denying his motion to suppress and the armed career criminal enhancement to his sentence. We affirm.

During the suppression hearing, the district court made a credibility determination that part of the firearm was visible above the waistband of Broadie's pants, and therefore, the officers had probable cause to arrest Broadie. It is the role of the district court to observe witnesses and weigh the credibility of witnesses during pretrial motions to suppress. *United States v. Murray*, 65 F.3d 1161, 1169 (4th Cir. 1995). We accord deference to these findings. *Id.* Finding no clear error in the district court's determination, we affirm the denial of the motion to suppress and hence affirm Broadie's conviction. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998) (providing standard).

Broadie also challenges his classification and sentencing as an armed career criminal. He asserts that the predicate offenses occurred when he was seventeen years old and were the result of a serious drug addiction. Because Broadie possessed a firearm after having been convicted of at least three prior qualifying "crimes of violence," *see United States v. Bowden*, 975 F.2d 1080, 1085 (4th Cir. 1992), the district court did not err in overruling his objection and sentencing Broadie as an armed career criminal under 18 U.S.C.A. § 924(e)(1).

Accordingly, we affirm Broadie's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*