**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4088**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODNEY LAMONT CAMERON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., District Judge. (CR-01-114)

_____

Submitted: July 24, 2003          Decided: July 30, 2003

_____

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rodney Lamont Cameron appeals his conviction and sentence on a charge of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (2000). He was sentenced to 208 months' imprisonment, five years of supervised release, and a $100 special assessment. Cameron's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), discussing the propriety of Cameron's status as an armed career offender criminal, but concluding that there are no meritorious grounds for appeal. Cameron was notified of his right to file an additional brief, and he has done so. In addition to review of the issues raised by Cameron and by his attorney, in accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal.

By counsel, as well as pro se, Cameron challenges his classification as an armed career criminal. We have reviewed the record and conclude that Cameron satisfied the criteria for statutory enhancement under 18 U.S.C. § 924(e) (2000), as an armed career criminal. United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1992); United States v. Taylor, 495 U.S. 575 (1990). In addition, Cameron has raised a claim of ineffective assistance of counsel. Such claims are not properly raised on direct appeal where, as here, they do not appear on the face of the record. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

2

Accordingly, we affirm Cameron's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3