**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4362

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CLINTON CAVER, III,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (CR-02-38)

Submitted: March 15, 2004       Decided: April 7, 2004

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Walter H. Paramore, III, LAW OFFICES OF W. H. PARAMORE, III, P.C., Jacksonville, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Clinton Caver, III, appeals his 190-month sentence, pursuant to his guilty plea to possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000). Caver's counsel has filed an appeal under Anders v. California, 386 U.S. 738 (1967), raising two sentencing issues. This Court reviews a sentencing court's factual findings for clear error and its related legal conclusions, including the application of the Sentencing Guidelines, de novo. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).

First, Caver asserts his prior convictions for felony breaking and entering, and felony larceny after breaking and entering, are crimes against property, and do not qualify as crimes of violence and cannot serve as a predicate for sentencing as an armed career criminal under 18 U.S.C. § 924(e) (2000). Caver's claim is meritless. Caver's prior offenses qualified him for sentencing under 18 U.S.C. § 924(e). U.S. Sentencing Guidelines Manual § 4B1.4(a) (2002); 18 U.S.C. § 924(e) (2000); Taylor v. United States, 495 U.S. 575 (1990); United States v. Bowden, 975 F.2d 1080, 1083 (4th Cir. 1992).

Second, Caver asserts the district court should have directed that his federal sentence for the instant offense run concurrent to his state sentence for breaking and entering, and larceny of a residence from which he stole the firearms he pleaded

guilty to possessing in the instant offense. Caver's claim is meritless. Caver's criminal history increased his offense level for the instant offense, but the offense conduct of his prior state conviction was not calculated as relevant conduct towards his instant offense, and accordingly, he cannot prevail on this claim. USSG § 5G1.3 (2002).

Accordingly, we affirm Caver's conviction and sentence. In accordance with <u>Anders</u>, we have reviewed the entire record in this case and find no other meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 3 -