**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4257

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES ELWOOD TYSON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge. (CR-03-113)

Submitted:  October 7, 2004          Decided:  October 13, 2004

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Michael Francis Joseph, Assistant United States Attorney, Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Elwood Tyson, Jr., pled guilty to being a felon in possession of firearm under 18 U.S.C. §§ 922(g)(1), 924(e)(1) (2000), and was sentenced to 192 months of imprisonment. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal, but raising the following issue: whether Tyson's three previous convictions were properly considered separate violent crimes for purposes of sentencing him as an armed career criminal under § 924(e)(1). Although informed of his right to do so, Tyson has failed to file a pro se supplemental brief.

We find that Tyson's three prior felonies were properly counted for purposes of the enhancement because each conviction arose out of a separate and distinct criminal episode, United States v. Letterlough, 63 F.3d 332, 334-35 (4th Cir. 1995), and because breaking and entering is considered a violent crime under the enhancement. United States v. Bowden, 975 F.2d 1080, 1083-85 (4th Cir. 1992) (holding that breaking and entering under North Carolina is considered a violent felony for career offender purposes). Accordingly, this claim fails.

We have examined the entire record in this case, in accordance with the requirements of Anders, and find no meritorious issues for appeal. Accordingly, we affirm. We deny counsel's pending motion to withdraw. This court requires that counsel

- 2 -

inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>