**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4256

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL LAURICE CONRAD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., District Judge. (CR-04-325)

Submitted: August 31, 2005      Decided: September 21, 2005

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Laurice Conrad pled guilty to possession of a firearm by a convicted felon, 18 U.S.C.A. §§ 922(g)(1), 924(e) (West 2000 & Supp. 2005). The district court sentenced Conrad as an armed career criminal to a term of 192 months imprisonment, imposing the sentence after consideration of the advisory sentencing guidelines and the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Conrad appeals his sentence, arguing that the Sixth Amendment was violated when the district court found that the prior predicate offenses were violent felonies and were committed on occasions different from one another. See 18 U.S.C.A. § 924(e). We affirm.

Section 924(e) provides for a minimum sentence of fifteen years for a violation of § 922(g)(1) when the defendant has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The term "violent felony" includes burglary. 18 U.S.C. § 924(e)(2)(B)(ii). A North Carolina conviction for breaking and entering amounts to a "generic burglary" under § 924(e)(2)(B)(ii) and thus constitutes a violent felony under § 924(e). United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1992) (citing Taylor v. United States, 495 U.S. 575 (1990)).

In this case, the indictment charged that Conrad possessed a firearm after being convicted of breaking and entering on February 13, 1995, and on August 7, 1991, and being convicted of breaking and entering and larceny on November 5, 1990. At his guilty plea hearing, Conrad did not admit that he was subject to an armed career criminal sentence so as to preserve any claims he might have under United States v. Booker, 125 S. Ct. 738 (2005), which had not yet been decided. At the post-Booker sentencing hearing in February 2005, defense counsel argued that Conrad was not subject to an enhanced sentence under § 924(e) because the indictment did not specifically charge the nature of the predicate offenses and the fact that they occurred on different occasions. The district court overruled his objection, found that the indictment alleged three prior convictions for violent felonies that occurred on occasions different from one another, and concluded that Conrad was subject to punishment under § 924(e)(1). The advisory guideline range was 180-210 months. The court considered the advisory guideline range and the § 3553(a) factors, and imposed a sentence of 192 months imprisonment.

Conrad maintains on appeal that, after Blakely v. Washington, 542 U.S. 296 (2004), and Shepard v. United States, 125 S. Ct. 1254 (2005), his sentence is unconstitutional because the indictment did not specify that the three prior felony convictions were violent felonies and that they were committed on different

occasions. In Shepard v. United States, 125 S. Ct. 1254 (2005), the Supreme Court held that Sixth Amendment protections apply to disputed facts about a prior conviction that are not evident from "the conclusive significance of a prior judicial record." Id. at 1262-63. Here, Conrad did not contend in the district court either that the predicate offenses were not violent felonies or that they were not committed on occasions different from one another. He simply argued, as he does here, that the indictment did not specify the dates on which the offenses were committed or the nature of the offenses. Conrad's argument is foreclosed by United States v. Thompson, No. 04-4678 (4th Cir. Sep. 6, 2005), in which we held that the nature and occasion of the offenses are facts inherent in the convictions. No. 04-4678, slip op. at 8, 12. These facts do not need to be alleged in the indictment or submitted to a jury. Id. at 3 n.2, 8, 12. Therefore, we conclude that no constitutional error occurred in this case.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED