**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-5115**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ALTARIK ALSTON,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
District Judge.  (5:07-cr-00266-D-1)

_____

Submitted: August 27, 2009          Decided:  October 2, 2009

_____

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Lewis A. Thompson, III, BANZET, THOMPSON & STYERS, P.L.L.C.,
Warrenton, North Carolina, for Appellant.  George E. B. Holding,
United States Attorney, Anne M. Hayes, Jennifer P. May-Parker,
Assistant United States Attorneys, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Altarik Alston pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). Alston was found to be an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006), and U.S. Sentencing Guidelines Manual ("USSG") § 4B1.4 (2007), and was sentenced to 186 months in prison. Alston appeals, arguing that the district court erred in finding that he possessed three violent felonies qualifying as predicate offenses. Finding no error, we affirm.

Because Alston failed to raise this objection during sentencing, this court's review is for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). Alston must establish that an error occurred, that the error was plain, and that the error affected his substantial rights. Olano, 507 U.S. at 732.

A defendant is an armed career criminal when he violates § 922(g)(1) and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1); USSG § 4B1.4(a). A violent felony is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another," "is burglary, . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii).

2

To determine whether an offense under state law falls within the definition of a violent felony, this court uses a categorical approach, which "takes into account only the definition of the offense and the fact of conviction." United States v. Pierce, 278 F.3d 282, 286 (4th Cir. 2002). The particular label or categorization under state law is not controlling. See Taylor v. United States, 495 U.S. 575, 590-91 (1990). For purposes of the ACCA, "a person has been convicted of burglary . . . if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599. While a court normally may look only to the fact of the conviction and the statutory definition, because some states broadly define burglary to include places other than buildings, the categorical approach "may permit the sentencing court to go beyond the mere fact of conviction." Id. at 602; Shepard v. United States, 544 U.S. 13, 16-17 (2005). An offense will constitute burglary if the jury was required "to find all the elements of generic burglary in order to convict the defendant," and "the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building," so "the jury necessarily had to find an entry of a building to convict." Taylor, 495 U.S. at 602.

Under North Carolina law, "[a]ny person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon." N.C. Gen Stat. § 14-54 (2007). For purposes of the statute, a building means "any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property." Id. We have consistently held that a conviction under § 14-54 for breaking and entering qualifies as generic burglary, and thus qualifies as a predicate violent felony under the ACCA. See United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005); United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1992). Despite Alston's argument that Begay v. United States, 128 S. Ct. 1581 (2008), and its progeny require a different analysis to determine whether a prior crime qualifies as a violent felony, the Supreme Court made clear in Begay that § 924(e)(2)(B)(ii) still "covers a felony that is one of the example crimes" specifically enumerated in the statute. Id. at 1586. Therefore, we conclude the district court did not err in applying this enhancement.

Accordingly, we affirm Alston's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED