**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5237**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

MARLON LAMONT DAVIS,

        Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. William L. Osteen, Jr., District Judge. (1:08-cr-00037-WO-1)

Submitted: November 20, 2009    Decided: January 4, 2010

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marc L. Resnick, Washington, D.C., for Appellant. Anna Mills Wagoner, United States Attorney, Graham T. Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marlon Lamont Davis pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). Davis was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006), to 180 months' imprisonment. Davis appeals, arguing that the district court erred in finding that his 1995 North Carolina state conviction for breaking and entering into a business qualified as a predicate offense for purposes of the ACCA. Finding no error, we affirm.

In considering whether the district court properly designated Davis as an armed career criminal, this court reviews the district court's legal determinations de novo and its factual findings for clear error. United States v. Wardrick, 350 F.3d 446, 451 (4th Cir. 2003). A defendant is an armed career criminal when he violates § 922(g)(1) and has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1); U.S. Sentencing Guidelines Manual § 4B1.4(a). A violent felony is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another, . . . is burglary, . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). To determine whether an offense under state law falls within the

2

definition of a violent felony, this court uses a categorical approach, which "takes into account only the definition of the offense and the fact of conviction." United States v. Pierce, 278 F.3d 282, 286 (4th Cir. 2002). The particular label or categorization under state law is not controlling. See Taylor v. United States, 495 U.S. 575, 590-91 (1990). For purposes of the ACCA, "a person has been convicted of burglary . . . if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599.

Under North Carolina law, "[a]ny person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon." N.C. Gen. Stat. § 14-54(a) (2007). For purposes of the statute, a building means "any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property." N.C. Gen. Stat. § 14-54(c) (2007). We have consistently held that a conviction under § 14-54 for breaking and entering qualifies as generic burglary, and thus qualifies as a predicate violent felony under the ACCA. See United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005); United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir.

3

1992).  Therefore, we conclude the district court did not err in sentencing Davis as an armed career criminal.

Accordingly, we affirm Davis' sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>