**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4527**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY JEROME BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:08-cr-00253-TDS-1)

Argued: September 21, 2010          Decided: October 18, 2010

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** John Archibald Dusenbury, Jr., OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Michael A. DeFranco, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Louis C. Allen, Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal arises from a conviction, pursuant to a conditional guilty plea, on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e). Appellant Anthony Jerome Brown challenges the district court's denial of his motion to suppress a handgun found on his person and its decision to classify Brown as an armed career criminal pursuant to 18 U.S.C. § 924(e). For the following reasons, we affirm.

I.

Brown's indictment resulted from an investigatory stop in Durham, North Carolina. On May 17, 2008, a police officer observed Brown and two other men standing in the street in an area well known to Durham police for illegal drug sales and violent crime.[1] Each male was standing within two feet of each other. While the officer watched, the two other men exchanged something hand-to-hand.

Suspecting that a drug transaction had just occurred, the officer decided to investigate and called for back up. When the

---

[1] Over 100 calls were made from this area to 911 for emergency assistance in the first five months of 2008, and the officer had received a complaint specifically about front-yard drug dealing from the owner of the duplex closest to where the three men were standing.

2

officers approached the group, Brown walked away from them across a yard despite the prominent display of "no trespassing" signs. Brown walked up to a nearby porch and began a hushed conversation with the woman standing on the stoop. One of the officers followed Brown and asked to speak with him. Brown became belligerent and nonresponsive, refusing to state where he lived. After three unsuccessful attempts to frisk Brown, the officer grabbed Brown's belt and arm and escorted him to the patrol vehicle. Brown attempted to flee, but the officers finally subdued him. They handcuffed Brown, resumed the frisk, and discovered a loaded semi-automatic handgun on his person.

The district court denied Brown's motion to suppress the weapon, finding that the officer had "more than adequate reason . . . to suspect not only that criminal activity was afoot, but that Brown was armed or possessed illegal drugs." J.A. 239. Brown entered a conditional guilty plea to possession of a firearm by a convicted felon, preserving his right to appeal the district court's denial of his suppression motion. At sentencing, the district court found that three of Brown's prior offenses qualified him as an armed career criminal pursuant to 18 U.S.C. § 924(e): two convictions for breaking and entering a commercial establishment in violation of N.C. Gen. Stat. § 14-54(a) and another conviction for felony eluding arrest in violation of N.C. Gen. Stat. § 20-141.5. This appeal followed.

3

On appeal, Brown argues that the district court erred in denying his motion to suppress the seized handgun because the police officers lacked reasonable suspicion to detain and search him. Brown further contends that the district court erred by classifying him as an armed career criminal under 18 U.S.C. § 924(e), because his prior convictions for burglary of a commercial building--in light of recent Supreme Court precedent--no longer qualify as "violent felonies" under § 924(e). We address each argument in turn.

A.

We begin by considering Brown's argument that the district court erred by denying his motion to suppress the handgun found on his person. We review the district court's factual findings underlying the denial of a motion to suppress for clear error and its legal determinations de novo. United States v. Neely, 564 F.3d 346, 349 (4th Cir. 2009). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. Id.

Brown contends that the officers violated his Fourth Amendment rights because they lacked a reasonable, articulable suspicion to detain and search him. Specifically, Brown argues that he was an innocent bystander, and that because he was not

4

involved in the hand-to-hand transaction witnessed by police, the officers lacked reasonable suspicion to believe he was engaged in any illegal activity.

A police officer may conduct a brief investigatory stop "when the officer has a reasonable, articulable suspicion that criminal activity is afoot."[2] Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (citing Terry v. Ohio, 392 U.S. 1, 30 (1968)). Whether there is reasonable suspicion to justify the stop depends on the totality of the circumstances, including the information known to the officer and any inferences to be drawn therefrom. See United States v. Sokolow, 490 U.S. 1, 8 (1989). The reasonable suspicion determination is a "commonsensical proposition," and deference should be accorded to police officers' determinations based on their experience of "what transpires on the street." See United States v. Foreman, 369 F.3d 776, 782 (4th Cir. 2004) (internal quotations omitted).

In light of what the officers knew or could reasonably infer from the circumstances in this case, the district court did not err in finding reasonable suspicion to detain Brown. The officers testified that the area in which they observed Brown was well known for illegal drugs and violent crime. See Illinois v. Wardlow, 528 U.S. 119, 124 (2000) (holding that a

---

[2] Such stops are often referred to as "Terry stops."

5

suspect's presence in a high-crime area is a factor police may take into consideration in making the reasonable suspicion determination); United States v. Lender, 985 F.2d 151, 154 (4th Cir. 1993) (explaining that, while a defendant's mere presence in a high-crime area does not, by itself, raise reasonable suspicion, an area's propensity for criminal activity may be considered). Brown was standing in close proximity to the individuals engaged in behavior suspected to be a drug transaction. Because individuals engaged in such a transaction would be unlikely to allow an uninvolved bystander to observe them, the officers reasonably believed Brown to be a lookout or armed security. See United States v. Perkins, 363 F.3d 317, 321 (4th Cir. 2004) (holding that due weight must be given "to common sense judgments reached by officers in light of their experience and training"). Brown's subsequent evasive behavior buttressed their suspicions. See United States v. Smith, 396 F.3d 579, 584 (4th Cir. 2005) (recognizing evasive behavior as a factor relevant to the reasonable suspicion analysis); United States v. Mayo, 361 F.3d 802, 807-08 (4th Cir. 2004) (same).

Once an officer has a legally sufficient basis to make an investigatory stop, the officer may conduct a search for weapons for his own protection where he has "reason to believe that the suspect is armed and dangerous." Adams v. Williams, 407 U.S. 143, 146 (1972); Terry, 392 U.S. at 27. The officers here

6

testified that, based on their extensive experience with drug investigations and arrests, most drug transactions involve the presence of a firearm. This court has recognized that the presence of drugs permits the inference of the presence of firearms. See United States v. Sullivan, 455 F.3d 248, 260 (4th Cir. 2006) (recognizing the "unfortunate reality that drugs and guns all too often go hand in hand") (citation omitted); United States v. Stanfield, 109 F.3d 976, 984 (4th Cir. 1997) ("As we have often noted, where there are drugs, there are almost always guns."); United States v. Perrin, 45 F.3d 869, 873 (4th Cir. 1995) (finding reasonable an officer's belief that a person selling drugs may be carrying a weapon for protection).

Viewing the evidence in the light most favorable to the government, we conclude that the district court did not err in denying Brown's motion to suppress. Based on the totality of the circumstances, the officers had a reasonable, articulable suspicion to justify the Terry stop and the protective frisk. Brown's presence in a high crime area, his immediate proximity to a suspected drug transaction, and his evasive and belligerent conduct when confronted by police officers, gave police ample reason to suspect that Brown was engaged in criminal activity and that he was armed and dangerous.

We next consider Brown's argument that the district court erred in sentencing him as an armed career criminal because his two prior convictions for breaking and entering a commercial establishment were not proper predicate offenses under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[3] Under the ACCA, a defendant is an armed career criminal if he violates 18 U.S.C. § 922(g)(1) and has three prior convictions for violent felonies or serious drug offenses. See 18 U.S.C. § 924(e); U.S. Sentencing Guidelines Manual § 4B1.4(a). We review de novo the district court's legal determination that a prior crime constitutes a predicate "violent felony." United States v. Wright, 594 F.3d 259, 262-63 (4th Cir. 2010).

"Burglary" is one of the violent felonies specifically enumerated in 18 U.S.C. § 924(e). For purposes of the ACCA, a person has been convicted of burglary "if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990).

---

[3] Brown does not challenge on appeal the district court's decision to count his conviction for eluding arrest as a predicate offense under the ACCA. Therefore, if Brown's two breaking and entering convictions may be counted, the ACCA requirement of three predicate convictions is satisfied.

The North Carolina burglary statute under which Brown was twice convicted provides that "[a]ny person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon." N.C. Gen. Stat. § 14-54(a) (emphasis added). The statute defines a building as "any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property." N.C. Gen. Stat. § 14-54(c).

Brown argues that, in light of the Supreme Court's decision in Begay v. United States, his convictions for burglary of a commercial building, as opposed to burglary of a residential building, should no longer qualify as "violent felonies" for purposes of 18 U.S.C. § 924(e). See Begay, 553 U.S. 137, 144-48 (2008) (concluding that New Mexico's crime of "driving under the influence" fell outside the scope of the ACCA's "violent felony" definition because it differed from the example crimes listed in § 924(e)(2)(b)(ii)--burglary, arson, and extortion--which "typically involve purposeful, 'violent,' and 'aggressive' conduct"). Brown concedes, however, that we are presently bound by Taylor, which decided this issue adversely to Brown's position by holding that § 924(e) "burglary" refers to "generic burglary." Taylor, 495 U.S. at 602. Taylor defined generic burglary as "an unlawful or unprivileged entry into, or

9

remaining in, a building or other structure, with intent to commit a crime." Id. at 598. Therefore, the crime of breaking and entering a commercial building qualifies as § 924(e) "burglary" and must be a "violent felony" for ACCA purposes. See United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005); United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1992). Because burglary is an enumerated offense in 18 U.S.C. § 924(e), and Brown's prior convictions qualify as § 924(e) burglaries under Taylor, Brown's claim fails.

## III.

For the foregoing reasons, we affirm the judgment of the district court and uphold Brown's conviction and sentence.

AFFIRMED