**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4138**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES JUNIOR CONYERS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (7:10-cr-00037-D-1)

Submitted:  December 2, 2011      Decided:  December 8, 2011

Before GREGORY and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Junior Conyers appeals the 180-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Conyers' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred in designating Conyers as an armed career criminal. Conyers was advised of his right to file a pro se supplemental brief but did not file one. Finding no error, we affirm.

The sole issue raised in counsel's Anders brief is whether the district court properly designated Conyers as an armed career criminal. Counsel argues that, although Conyers' breaking and entering convictions were punishable by more than one year of imprisonment at the time Conyers was sentenced for those offenses, they were no longer punishable by more than one year of imprisonment at the time Conyers was sentenced for the present offense. As counsel acknowledges, this argument is foreclosed by the Supreme Court's recent decision in McNeill v. United States, 131 S. Ct. 2218 (2011), in which the Court held that "[t]he plain text of [the Armed Career Criminal Act (ACCA)] requires a federal sentencing court to consult the maximum sentence applicable to a defendant's previous . . . offense at the time of his conviction for that offense." Id. at 2221-22;

2

<u>see also</u> N.C. Gen. Stat. § 14-54(a) (1993) (providing that breaking and entering is Class H felony); N.C. Gen. Stat. § 14-1.1(a)(8) (1993) (repealed effective Oct. 1, 1994) ("A Class H felony shall be punishable by imprisonment up to 10 years, or a fine or both."); <u>United States v. Bowden</u>, 975 F.2d 1080, 1085 (4th Cir. 1992) (finding that North Carolina crime of breaking and entering qualifies as "burglary" under ACCA). Therefore, we conclude that the district court properly designated Conyers as an armed career criminal.[*]

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment and deny Conyers' motion to substitute counsel. This court requires that counsel inform Conyers, in writing, of his right to petition the Supreme Court of the United States for further review. If Conyers requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Conyers. We dispense with oral argument because the facts and legal

---

[*] Because <u>McNeill</u> forecloses this portion of counsel's argument, we need not address counsel's remaining argument under <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc) (overruling <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005)).

conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED