Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 03-4807

STEVEN LEON SHULL,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-03-149)

Submitted: March 10, 2004

Decided: April 7, 2004

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Louis C. Allen III, Federal Public Defender, Gregory Davis, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Anna Mills Wagoner, United States Attorney, Angela H. Miller,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Steven Leon Shull appeals from the 180-month sentence imposed following his guilty plea to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C.A. §§ 922(g)(1) & 924(e)(1) (West 2000 & Supp. 2003), and possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) & 924(a)(2) (2000). On appeal, he challenges the constitutionality of the Armed Career Criminal Act, 18 U.S.C.A. § 924(e), as it is applied to him. Specifically, Shull asserts that, in connection with a prior conviction in South Carolina for burglary, he was ordered to participate in a substance abuse treatment program. However, no programs were available that could accommodate Shull's handicap and his medical conditions. Therefore, the court removed this condition from his sentence. Shull argues that, because he did not receive the treatment and rehabilitation, sentencing him as an armed career criminal violates the Equal Protection Clause of the Constitution. Finding no error in the application of this provision to Shull, we affirm.

The Armed Career Criminal Act mandates a fifteen-year minimum sentence for a defendant who violates 922(g) and has three prior convictions for a violent felony or serious drug offense committed on different occasions. 18 U.S.C.A. § 924(e). Congress intended this Act to impose harsher penalties, and thereby "'incapacitat[e] particular repeat offenders, who it found were responsible for a large proportion of crimes involving theft and violence.'" *United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995) (quoting *United States v. Hawkins*, 811 F.2d 210, 216 (3d Cir. 1987) (citing to legislative history of predecessor to the Armed Career Criminal Act)).

Shull had five convictions in North Carolina for breaking and entering, which were committed on different occasions. These offenses alone qualify Shull for sentencing as an armed career crimi-

nal. Shull subsequently was convicted of the burglary offenses for which he was initially directed to participate in drug treatment, but, due to the inability of the facilities to accommodate his disabilities, this condition was eliminated from his sentence. Disregarding these burglary offenses, Shull would still meet the definition of an armed career criminal due to his North Carolina breaking and entering convictions. Thus, we find that his argument that the justice system failed him by not providing treatment after his sixth and seventh convictions does not take him outside the definition of an armed career criminal as a repeat offender. Rather, he is precisely the type of offender for whom Congress intended the mandatory minimum sentence expressed in § 924(e). Notably, there is no requirement that a defendant participate in a treatment program prior to being sentenced as an armed career criminal. *See* 18 U.S.C.A. § 924(e).

Accordingly, we affirm Shull's sentence. *See generally Presley*, 52 F.3d at 68 (rejecting argument that § 924(e) violates the Equal Protection Clause). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*