**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4807**

———————

UNITED STATES OF AMERICA,

                                     Plaintiff - Appellee,

     versus

STEVEN LEON SHULL,

                                     Defendant - Appellant.

———————

On Remand from the United States Supreme Court.
(S. Ct. No. 04-5117)

———————

Submitted:  September 28, 2005    Decided:  November 23, 2005

———————

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

———————

Opinion reinstated; sentence affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This case is before the court on remand from the Supreme Court. We previously rejected Steven Leon Shull's Equal Protection Clause argument and affirmed his sentence under the Armed Career Criminal Act. United States v. Shull, No. 03-4807 (4th Cir. Apr. 7, 2004) (unpublished). The Supreme Court vacated our decision and remanded Shull's case to us for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we reinstate our prior opinion and affirm Shull's sentence.

A defendant who violates 18 U.S.C. 922(g) (2000), and has three prior convictions for a violent felony or serious drug offense committed on different occasions is subject to a fifteen-year minimum sentence. 18 U.S.C.A. § 924(e)(1) (West 2000 & Supp. 2005). In supplemental briefs, Shull contends that the enhancement of his sentence based on the sentencing court's finding that he had the requisite number of prior violent felony offenses is contrary to the holding in Booker. Specifically, Shull contends that the facts supporting the application of § 924(e) were not charged in the indictment and found by a jury, nor were they admitted by him. He also contends that his convictions in North Carolina for breaking and entering were neither felonies, nor violent felonies.

- 2 -

Shull's predicate offenses consisted of five prior convictions in North Carolina for breaking and entering. He contends that, in light of Blakely v. Washington, 542 U.S. 296 (2004), these convictions should not be deemed punishable by a prison term exceeding one year, and therefore do not qualify as felony convictions. This argument was rejected by this court in United States v. Harp, 406 F.3d 242 (4th Cir. 2005) (holding that Blakely did not alter ruling that North Carolina's lowest level of felonies are punishable by more than one year in prison), petition for cert. filed, ___ U.S.L.W. ___ (U.S. July 29, 2005) (No. 05-5887).

Shull also challenges the determination that his breaking and entering convictions qualify as "violent" felonies. However, a conviction in North Carolina for breaking and entering has been held to satisfy the requirements of the statute. See 18 U.S.C.A. § 924(e)(2)(B)(ii); Taylor v. United States, 495 U.S. 575, 599 (1990); United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1992) (holding that conviction in North Carolina for breaking and entering amounted to a "generic burglary" under § 924(e)(2)(B)(ii), and constituted a predicate violent felony). Thus, we hold that Shull had the necessary three predicate violent felony convictions.

Furthermore, we have recently held that a district court's finding that a defendant had qualifying felony convictions that supported an armed career criminal designation does not

violate <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). <u>See</u> <u>United States v. Cheek</u>, 415 F.3d 349, 352-54 (4th Cir. 2005); <u>see also</u> <u>United States v. Robinson</u>, 404 F.3d 850, 862 (4th Cir. 2005) ("<u>Booker</u> did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence."), <u>petition for cert. filed</u>, ___ U.S.L.W. ___ (U.S. Aug. 23, 2005) (No. 05-6318).

Because on reconsideration of this case under <u>Booker</u>, we find no error in Shull's sentence, we reinstate our April 7, 2004 opinion and affirm Shull's sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>OPINION REINSTATED</u>;
<u>SENTENCE AFFIRMED</u>
