**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4201**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

D'NEZ DEVON AUTERY,

        Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:08-cr-00167-JAB-1)

Submitted: October 16, 2009      Decided: December 31, 2009

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Darren Byers, LAW OFFICES OF J. DARREN BYERS, P.A., Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

D'Nez Devon Autery pled guilty pursuant to a written plea agreement to possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006). The court sentenced Autery to the statutory minimum sentence of 180 months' imprisonment as a result of his armed career criminal status, and he timely appealed. Autery's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning on Autery's behalf whether the district court erred in finding he was an armed career criminal pursuant to 18 U.S.C. § 924(e) (2006). Autery was given the opportunity to file a pro se supplemental brief, but declined. The Government filed a brief urging affirmance. Finding no reversible error, we affirm.

Autery contends the district court erred when it found he had at least three previous convictions for violent offenses and was thus subject to enhanced penalties as an armed career criminal pursuant to 18 U.S.C. § 924(e). The evidence showed at least four predicate offenses, two convictions for breaking and entering, see United States v. Bowden, 975 F.2d 1080, 1082-85 (4th Cir. 1992), one conviction for attempted breaking and entering, see United States v. Custis, 988 F.2d 1355, 1364 (4th Cir. 1993), and one conviction for discharging a weapon into

2

occupied property.  The two breaking and entering convictions occurred on the same day and all four convictions were consolidated at sentencing.

In considering whether the district court properly designated Autery an armed career criminal, this court reviews the district court's legal determinations de novo and its factual findings for clear error.  United States v. Wardrick, 350 F.3d 446, 451 (4th Cir. 2003).  A person who violates § 922(g)(1), possession of a firearm by a convicted felon, and has three prior convictions for violent felonies or serious drug offenses committed on different occasions is an armed career criminal subject to enhanced penalties.  See 18 U.S.C. § 924(e)(1).  "Occasions" are "those predicate offenses that can be isolated with a beginning and an end — ones that constitute an occurrence unto themselves."  United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995).  Factors to look at are whether the convictions concern different geographical locations and different victims.  Id. at 335-36.  In Letterlough, two prior drug convictions occurred on separate occasions although the drug transactions were only two hours apart.  Each drug sale was a complete and separate transaction.  In United States v. James, 337 F.3d 387, 391 (4th Cir. 2003), the court found that two burglaries occurring at two different stores, across the street from each other, on the same day, occurred on separate

3

occasions. In United States v. Hobbs, 136 F.3d 384, 387-89 & n.5 (4th Cir. 1998), the court found that each of three burglaries occurring in the space of a single hour "occurred on an occasion different from the others." Id. at 389.

Thus, we find Autery had at least four qualifying convictions and was properly designated an armed career criminal. Even if only one of the breaking and entering convictions should have counted as a predicate § 924(e) conviction, there was no error because Autery still had three qualifying convictions.

We find no error in the sentence as the district court was without discretion to impose a sentence lower than the statutory minimum sentence of 180 months' imprisonment. United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Autery's conviction and sentence. This court requires counsel inform Autery, in writing, of the right to petition the Supreme Court of the United States for further review. If he requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Autery. We dispense with oral argument because

4

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED