**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4585**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

KENNETH RAY HAYES,

        Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., Chief District Judge. (1:08-cr-00336-JAB-1)

Submitted: May 27, 2010        Decided: June 17, 2010

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Robert Albert Jamison Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Ray Hayes pled guilty pursuant to a plea agreement to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e) (2006). The district court sentenced Hayes within his properly-calculated advisory Sentencing Guidelines range to 204 months' imprisonment on both counts, to be served concurrently. On appeal, Hayes' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Hayes has also submitted a pro se supplemental brief. Finding no error, we affirm.

Hayes argues that he was improperly sentenced as an armed career criminal because, following Begay v. United States, 553 U.S. 137 (2008), burglary of a commercial building, as opposed to burglary of a residential building, is not a qualifying predicate violent felony for purposes of 18 U.S.C. § 924(e). As Hayes concedes, the Supreme Court has decided this issue adversely to his position. See Taylor v. United States, 495 U.S. 575, 598 (1990). A conviction in North Carolina for breaking and entering has been held to satisfy the requirements of the statute. See 18 U.S.C. § 924(e)(2)(B)(ii); United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1992) (holding that conviction in North Carolina for breaking and entering amounted to a "generic burglary" under § 924(e)(2)(B)(ii), and

2

constituted a predicate violent felony); see also United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005) (following Taylor and finding breaking and entering under North Carolina law is burglary). "[I]t is [the Supreme] Court's prerogative alone to overrule one of its precedents." State Oil Co. v. Khan, 522 U.S. 3, 20 (1997). Accordingly, Hayes' claim fails.

In his pro se supplemental brief, Hayes argues that the district court erred in enhancing his sentence pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4B1.4(b)(3)(A) (2008) because, according to Hayes, convictions of commercial burglary are not predicate crimes of violence for purposes of the ACCA. As noted, burglary of a commercial building is a predicate offense under the ACCA, and the district court, therefore, did not err in applying the USSG § 4B1.4(b)(3)(A) enhancement.

In accordance with Anders, we have reviewed the record in this case, including the issues raised in Hayes' pro se supplemental brief, and have found no meritorious issues for appeal. We therefore affirm Hayes' conviction and sentence. This court requires that counsel inform Hayes, in writing, of the right to petition the Supreme Court of the United States for further review. If Hayes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on Hayes.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED