**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4197**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DEMETHRIC ANTWAN HINNANT,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:08-cr-00265-BO-1)

Submitted: June 9, 2010        Decided: June 24, 2010

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jane C. Norman, BOND & NORMAN, Washington, D.C., for Appellant. George E. B. Holding, United States Attorney, John Howarth Bennett, Assistant United States Attorney, Greenville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demethric Antwan Hinnant pleaded guilty, without the benefit of a plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (2006). After determining that Hinnant was subject to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2006), because he had three convictions for crimes of violence under North Carolina law, the district court sentenced Hinnant, without objection, to 180 months imprisonment. On appeal, Hinnant contends that the district court committed plain error in counting two of the convictions for crimes that occurred when he was seventeen and violated the Eighth Amendment by using those convictions to enhance his sentence. For the following reasons, we affirm.


I.

On March 20, 2008, the Wilson (North Carolina) Police Department received a tip that two individuals were selling a firearm at a Wilson market. The responding officers saw another individual and Hinnant, who attempted to flee when approached but was quickly apprehended. The officers recovered a .25 caliber semi-automatic handgun near where Hinnant was arrested.

Hinnant pleaded guilty to one count of being a felon in possession, in violation of §§ 922(g)(1) and 924. Prior to

2

Hinnant's sentencing, the district court ordered the preparation of a Presentence Report (PSR). The PSR recommended that Hinnant be subject to an enhanced sentence under the ACCA. Specifically, the PSR identified three convictions for breaking and entering, in 2003, 2004, and 2005. Hinnant was seventeen at the time of the 2003 and 2004 convictions. Pursuant to the ACCA, Hinnant faced a mandatory minimum sentence of 180 months imprisonment, and his guidelines range was 180 to 210 months imprisonment.[*] Hinnant filed no objections to the PSR, and at sentencing, the district court adopted the PSR and sentenced Hinnant to 180 months imprisonment. Hinnant filed a timely appeal.

## II.

On appeal, Hinnant raises two arguments: that the district court erred in counting the two convictions obtained when Hinnant was seventeen as predicate violent felonies under the ACCA and that Hinnant's sentence enhancement based on those convictions violates the Eighth Amendment's bar against cruel and unusual punishment. As Hinnant acknowledges, because he failed to raise either of these arguments before the district court, our review is for plain error. See Fed. R. Crim. P.

---

[*] Without the statutory fifteen-year sentence under the ACCA, the guidelines range was 168-210 months.

3

52(b). "To establish plain error, the appealing party must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). Even assuming the party satisfies this three-part showing, we may exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009) (internal quotation marks omitted).

The term "violent felony" is defined, for purposes of the ACCA, as "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult." 18 U.S.C. § 924(e)(2)(B). In addition, to qualify as a violent felony, the crime must either "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another," or be one of several enumerated crimes, including "burglary." 18 U.S.C. § 924(e)(2)(B)(i), (ii).

Hinnant contends that because his prior crimes were "juvenile adjudications," the Government had to prove that they involved the use or carrying of a firearm, knife, or destructive device under § 924(e)(2)(B). He asserts the generic reference

4

to breaking and/or entering in the PSR is insufficient to carry that burden. We addressed and rejected Hinnant's argument in United States v. Lender, 985 F.2d 151 (4th Cir. 1993), concluding that a defendant's conviction for breaking and entering under North Carolina law when he was seventeen years old satisfied the definition of "violent felony" under § 924(e)(2)(B)'s first part. As we explained in Lender, "if the state prosecutes an individual as an adult, as it did here, the first part of the "violent felony" definition applies; if the state prosecutes as a juvenile, then the second part applies." Id. at 156. In this case, as in Lender, North Carolina tried Hinnant as an adult, and, accordingly, as in Lender, Hinnant's two convictions when he was seventeen were "not for a juvenile offense, but for an adult crime punishable by imprisonment for a term exceeding one year — a violent felony as defined by the first part of section 924(e)(2)(B)." Id. at 156.

Hinnant's convictions also satisfy the second requirement under § 924(e)(2)(B). In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court construed the term "burglary" in § 924(e)(2)(B)(ii) to be "generic burglary," that is, "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599. Based on this definition, we have held that the North Carolina breaking and entering statute, N.C. Gen. Stat. § 14-54

5

(2009), counts as a predicate offense under the ACCA. See United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005); United States v. Bowden, 975 F.2d 1080, 1083-85 (4th Cir. 1992).

In the alternative, Hinnant argues that the district court violated the Eighth Amendment by using convictions obtained when Hinnant was seventeen years old to enhance his sentence to fifteen years' imprisonment. This argument suffers from the same misapprehension that Hinnant's prior crimes were handled as juvenile adjudications of delinquency and not as adult criminal convictions. Further, we have held, on numerous occasions, that the fifteen-year sentence under the ACCA for a violation of § 922(g) "is neither disproportionate to the offense nor cruel and unusual punishment, and thus does not violate the Eighth Amendment." United States v. Presley, 52 F.3d 64, 68 (4th Cir. 1995). See also United States v. Etheridge, 932 F.2d 318, 323 (4th Cir. 1991) (same); United States v. Crittendon, 883 F.2d 326, 331 (4th Cir. 1989) (same).

III.

For the foregoing reasons, we affirm Hinnant's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED