**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4393**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

MARK JUSTIN DANIELS,

        Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:09-cr-00055-WO-1)

Submitted: January 31, 2011        Decided: March 1, 2011

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Paul Alexander Weinman, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Justin Daniels pled guilty, pursuant to a written plea agreement, to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). The district court determined that Daniels was an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and the Sentencing Guidelines, see U.S. Sentencing Guidelines Manual § 4B1.4 (2009), and sentenced him to 188 months' imprisonment. On appeal, Daniels's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). The Government elected not to file a brief. Daniels was informed of his right to file a pro se supplemental brief, but he has not done so. We affirm.

Counsel suggests as an issue for appeal that Daniels was improperly sentenced as an armed career criminal because, under the logic of Begay v. United States, 553 U.S. 137 (2008), burglary of a commercial building does not a qualify as a predicate violent felony for purposes of 18 U.S.C. § 924(e). As counsel concedes, however, the Supreme Court has decided this issue adversely to his position. See Taylor v. United States, 495 U.S. 575, 598-99 (1990). A conviction in North Carolina for breaking and entering has been held to satisfy the requirements of the statute. See 18 U.S.C. § 924(e)(2)(B)(ii); United States v. Bowden, 975 F.2d 1080, 1083, 1085 (4th Cir. 1992)

2

(holding that a conviction in North Carolina for breaking and entering amounted to a "generic burglary" under § 924(e)(2)(B)(ii) and thus constituted a qualifying predicate conviction); see also United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005) (following Taylor and concluding that breaking and entering under North Carolina law qualifies as burglary). "[I]t is [the Supreme] Court's prerogative alone to overrule one of its precedents." State Oil Co. v. Khan, 522 U.S. 3, 20 (1997). Accordingly, counsel's claim fails.

In accordance with Anders, we have reviewed the record and conclude that no meritorious issues remain for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Daniels, in writing, of the right to petition the Supreme Court of the United States for further review. If Daniels requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Daniels. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED