**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4799**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

NIGUAL O'KEITH BROWN, JR.,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:12-cr-00344-TDS-1)

———————

Submitted: March 27, 2014        Decided: March 31, 2014

———————

Before MOTZ, Circuit Judge, and HAMILTON and DAVIS, Senior Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Christopher A. Beechler, LAW OFFICES OF CHRISTOPHER A. BEECHLER, Winston-Salem, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Nigual O'Keith Brown, Jr., pled guilty to two counts of interference with commerce by robbery. The district court sentenced him to 175 months' imprisonment. Brown's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the sentence was enhanced based on uncorroborated statements, and whether Brown was properly sentenced as a career offender. Although advised of his right to file a pro se supplemental brief, Brown has not done so. Finding no reversible error, we affirm.

Brown contends that his sentence was improperly enhanced based on a statement given to officials by his co-defendant. However, in ruling on Brown's objection, the district court expressly stated that the other charged offenses would not be considered in imposing Brown's sentence. We find nothing in the record to refute this statement.

Brown also challenges the determination that he qualified for the career offender enhancement at sentencing. We conclude that the district court correctly found that Brown had two prior felony convictions for crimes of violence, and therefore properly applied this enhancement. U.S. Sentencing

Guidelines Manual § 4B1.1 (2012); see United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1992).

We have reviewed Brown's sentence and conclude that the sentence imposed was reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). The district court followed the necessary procedural steps in sentencing Brown, appropriately treated the Sentencing Guidelines as advisory, properly calculated and considered the applicable Guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) (2012) factors in light of Brown's individual characteristics and history. We conclude that the district court did not abuse its discretion in imposing the chosen sentence. See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within-Guidelines sentence).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with

3

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED
