**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4959**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ENNIS TREVOR BILLUPS,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:14-cr-00142-WO-1)

———————

Argued:  March 24, 2016          Decided:  June 14, 2016

———————

Before MOTZ, GREGORY, and KEENAN, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished opinion.  Judge Keenan wrote the opinion, in which Judge Motz and Judge Gregory joined.

———————

**ARGUED:** Robert Lynn McClellan, IVEY, MCCLELLAN, GATTON & SIEGMUND, LLP, Greensboro, North Carolina, for Appellant. Ripley Eagles Rand, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

BARBARA MILANO KEENAN, Circuit Judge:

In this appeal, we consider whether the district court properly determined that Ennis Billups qualified as an armed career criminal based on his prior convictions for felony common law robbery in North Carolina (North Carolina common law robbery). Upon our review, we conclude that Billups' prior convictions for North Carolina common law robbery are not categorically violent felonies, and that Billups does not qualify otherwise as an armed career criminal. Because we issued our precedential holding that North Carolina common law robbery is not categorically a violent felony in United States v. Gardner, No. 14-4533, slip op. at 18, 20 (4th Cir. May 18, 2016), while Billups' direct appeal was pending before this Court, Billups is entitled to the benefit of that holding despite his failure to raise the issue in the district court. See Henderson v. United States, 133 S. Ct. 1121, 1130-31 (2013). Thus, we conclude that the district court committed plain error in classifying Billups as an armed career criminal, and we vacate Billups' sentence and remand the case for re-sentencing.

I.

Ennis Billups pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). In the presentence report (PSR) prepared in Billups' case, the

2

probation officer classified Billups as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2), based on one prior North Carolina state conviction for felony drug trafficking and seven prior convictions for North Carolina common law robbery.

Billups objected to application of the ACCA enhancement on various grounds and also moved to withdraw his guilty plea, contending that his plea was not knowing and voluntary because he had not taken his medications on the day of his plea hearing. The district court rejected Billups' challenges to the armed career criminal designation, and denied his motion to withdraw his guilty plea. The court adopted the recommendation in the PSR that Billups be classified as an armed career criminal, and sentenced him to the statutory minimum of 180 months' imprisonment. This appeal followed.[1]

---

[1] Billups' counsel originally filed an appellate brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he found no meritorious grounds for appeal but asking this Court to review the record for any prejudicial error. While Billups' appeal was pending, the Supreme Court issued a decision in Johnson v. United States, 135 S. Ct. 2551 (2015), and invalidated the residual clause of the ACCA. We ordered supplemental briefing to address whether, in light of the Court's decision in Johnson, the district court committed reversible error by treating Billups' robbery offenses as violent felonies under the ACCA.

II.

Before turning to the parties' arguments, we briefly summarize the relevant statutory provision. Under the ACCA, a violent felony is defined as any crime "punishable by imprisonment for a term exceeding one year" that either "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the force clause), or "is burglary, arson, or extortion, [or] involves use of explosives" (the enumerated language), or "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). 18 U.S.C. § 924(e)(2)(B)(i), (ii).

Billups argues that his previous convictions for North Carolina common law robbery do not qualify as predicate offenses under the ACCA because North Carolina common law robbery does not categorically match any of the enumerated offenses, nor does it necessarily require the "use, attempted use, or threatened use of physical force against the person of another." See 18 U.S.C. § 924(e)(2)(B). Also, because the Supreme Court held in Johnson v. United States, 135 S. Ct. 2551 (2015), that the ACCA's residual clause is unconstitutional, Billups observes that his robbery convictions cannot qualify as violent felonies under that portion of the ACCA.

In response, the government argues that the district court correctly classified Billups as an armed career criminal,

4

because robbery necessarily requires the "use, attempted use, or threatened use" of physical force against another person. The government relies on decisions in which we have held that the crime of common law robbery in other jurisdictions qualified as a violent felony under the force clause. See United States v. Presley, 52 F.3d 64, 69 (4th Cir. 1995) (concluding that Virginia common law robbery involved the use or threatened use of force and therefore was a predicate offense under the ACCA's force clause); United States v. Wilson, 951 F.2d 586, 588 (4th Cir. 1991) (holding that Maryland common law robbery was a "crime of violence" under the force clause of the career offender provision in the sentencing guidelines).

Because Billups did not preserve in the district court the issue whether North Carolina common law robbery categorically matched the definition of a "violent felony" under the ACCA,[2] we review the district court's decision for plain error. See United States v. Carthorne, 726 F.3d 503, 509 (4th Cir.

---

[2] Billups argued to the district court that, in light of this Court's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), his robbery convictions did not qualify as predicate felonies because they were not punishable by a term of imprisonment exceeding one year. He also argued that his seven robbery convictions should only count as a single predicate offense because they were consolidated into one judgment. Billups reasserts his Simmons argument in his pro se brief. Because we vacate his sentence on other grounds, we do not address this alternative argument.

5

2013).  To establish plain error, Billups must show "(1) that an error was made; (2) that the error was plain; and (3) that the error affected his substantial rights."  Id. at 510.  An error is plain "if the settled law of the Supreme Court or this circuit establishes that an error has occurred."  Id. at 516 (internal quotation and citation omitted).  And, notably, regardless whether the question was settled when the district court made its decision, "it is enough that an error be 'plain' at the time of appellate consideration" to constitute plain error.  Henderson, 133 S. Ct. at 1130-31 (internal quotation and citation omitted).

North Carolina common law robbery is the "felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear."  North Carolina v. Smith, 292 S.E.2d 264, 270 (N.C. 1982).  As we recently have explained, a conviction for North Carolina common law robbery may be based on the use of only de minimis contact in accomplishing the taking of another person's property.  See Gardner, No. 14-4533, slip op. at 17.  Because the ACCA's force clause requires "force capable of causing physical pain or injury to another person," and does not include the "slightest offensive touching," we held that North Carolina common law robbery does not categorically constitute a violent felony under

6

the ACCA force clause.[3]  See id., slip op. at 16, 18 (quoting Johnson v. United States, 559 U.S. 133, 139 (2010)).

When Billups was sentenced in the district court, we had not yet issued our decision in Gardner that North Carolina common law robbery does not qualify as a violent felony.[4] Nevertheless, to constitute plain error, it is enough that the district court's error is plain at the time of our appellate consideration here.  See Henderson, 133 S. Ct. at 1130-31. Given our conclusion in Gardner, we hold that the district court plainly erred in determining that Billups' North Carolina common law robbery convictions qualified as violent felonies under the ACCA.  This error affected Billups' substantial rights, because it triggered the ACCA's mandatory 15-year minimum sentence, when he otherwise would have been subject to a maximum sentence of ten years' imprisonment.  See 18 U.S.C. § 924(a)(2). Accordingly, we vacate Billups' sentence applying the ACCA

---

[3] We also concluded that North Carolina common law robbery does not match any of the ACCA's enumerated offenses, and cannot qualify as a violent felony pursuant to the ACCA's invalidated residual clause.  See Gardner, slip op. at 13 n.5.

[4] Our decision in United States v. Bowden, 975 F.2d 1080, 1082 (4th Cir. 1992), on which the government relies, merely acknowledged the parties' agreement in that case, which is not binding on us here, that North Carolina common law robbery qualified as a violent felony under the force clause of the ACCA.

7

enhancement, and remand the case to the district court for re-sentencing.

III.

In accordance with <u>Anders</u>, we have reviewed the entire record and find no other error. Therefore, we affirm Billups' conviction, but vacate his sentence and remand the case to the district court for re-sentencing.

<u>AFFIRMED IN PART,</u><br>
<u>VACATED IN PART,</u><br>
<u>AND REMANDED</u>