**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4636

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ENNIS TREVOR BILLUPS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:14-cr-00142-WO-1)

Submitted:  March 30, 2017                                     Decided:  April 24, 2017

Before GREGORY, Chief Judge, and MOTZ and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & SIEGMUND, LLP, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Michael Francis Joseph, Angela H. Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ennis Trevor Billups pled guilty to possession of a firearm by a person previously convicted of a felony offense and was sentenced to 180 months' imprisonment. We vacated his sentence and remanded for resentencing upon determining that Billups' prior convictions for North Carolina common law robbery no longer qualified as violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2012), after *Johnson v. United States*, 135 S. Ct. 2551 (2015). *United States v. Billups*, 652 F. App'x 157 (4th Cir. 2016) (No. 14-4959); *see United States v. Gardner*, 823 F.3d 793, 803-04 (4th Cir. 2016). On remand, the district court imposed a 120-month sentence. Billups appeals, challenging the district court's determination of his Sentencing Guidelines range and the reasonableness of the sentence imposed. We affirm.

Following remand, the probation officer prepared a memorandum computing Billups' base offense level as 20 because he committed the firearm offense "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual, § 2K2.1(a)(2) (2013). After the reduction for acceptance of responsibility, USSG 3E1.1(a), (b), the probation officer noted that Billups' advisory Guidelines range was 77 to 96 months. Billups argued that the robbery offenses did not qualify as crimes of violence and therefore his Guidelines range should be 51 to 63 months.

During the sentencing hearing Billups presented eight certificates purporting to evidence completion of educational courses in prison. The district court determined that these certificates were fraudulent and found that Billups' attempted fraud was inconsistent

2

with acceptance of responsibility. The court also concluded that the common law robbery convictions qualified as crimes of violence under the Sentencing Guidelines and therefore Billups' Guideline range, without the reduction for acceptance of responsibility, was 100 to 125 months.

The district court imposed a 120-month sentence—the statutory maximum. The court added that, even if the 51-to-63 month Guidelines range urged by Billups was correct, he would still impose the 120-month sentence as a variance. The court explained that the extreme nature of Billups' attempted fraud on the court, the seriousness of his prior criminal history, the danger he posed to the community, the continuing nature of his criminal conduct, and the "lack of any indication of Mr. Billups making any affirmative efforts to accept responsibility and try to do something different" justified an upward variant sentence of 120 months.

On appeal, Billups challenges the district court's conclusion that North Carolina common law robbery is a crime of violence under the Sentencing Guidelines and argues that the court erred by denying him the reduction for acceptance of responsibility and by imposing a 120-month sentence. The Government contends that any error in the district court's computation of the Guidelines range would be harmless in light of the district court's alternate variance sentence. We agree with the Government and affirm the district court's judgment.

"[R]ather than review the merits of each of [Billups'] challenges, we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014). "A Guidelines error is considered harmless if we determine

3

that (1) 'the district court would have reached the same result even if it had decided the guidelines issue the other way,' and (2) 'the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor.'" *Id.* (quoting *United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011)).

In this case, the district court explicitly stated that it would have given Billups a 120-month sentence even if it had incorrectly calculated his Guidelines range. The district court also discussed each of the applicable 18 U.S.C. § 3553(a) (2012) sentencing factors in support of its decision to impose a 120-month term. Given the district court's reasoning and the deferential standard of review we apply when reviewing criminal sentences, *see Gall v. United States*, 552 U.S. 38, 51, 59-60 (2007), we conclude that Billups' sentence would be substantively reasonable even if the disputed issue had been resolved in his favor. *See Savillon-Matute*, 636 F.3d at 123-24. Therefore, given the district court's alternate variance sentence, any error in the district court's Guidelines calculation is harmless.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*