**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 16-6306

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

LAVONTE LAMONT HALLMAN,

     Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:12-cr-00097-MOC-DCK-1; 3:15-cv-00468-MOC)

Submitted:  July 27, 2017           Decided:  July 31, 2017

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lavonte Lamont Hallman, Appellant Pro Se.  John George Guise, COPELAND RICHARDS, Davidson, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lavonte Lamont Hallman appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. Hallman challenges his career offender designation based on *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), which declared the residual clause of the Armed Career Criminal Act unconstitutionally vague.[*] Hallman's argument is foreclosed by the Supreme Court's recent decision that the Sentencing Guidelines, including the career offender residual clause, "are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States,* __ U.S.__, 137 S. Ct. 886, 892 (2017). Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Before this court, Hallman clarifies that he believes he is entitled to relief under our decisions in *United States v. Gardner,* 823 F.3d 793 (4th Cir. 2016), and *United States v. Billups,* 652 F. App'x 157 (4th Cir. 2016). These cases do not apply to Hallman as they address armed career criminal designations under the Armed Career Criminal Act, not career offender designations.